CHARLES L. WALTON, as Assignee for the Benefit of Creditors of FRANCIS T. WALTON, Respondent, *v.* ROBERT STAFFORD, et al., Appellants.

1. LANDLORD AND TENANT — RENT FALLING DUE ON LEGAL HOLIDAY. Rent becoming due on a legal holiday, other than Sunday, is payable on that day.

2. ASSIGNEE FOR BENEFIT OF CREDITORS — RENT — USE AND OCCUPATION — COUNTERCLAIM. A general assignee of a tenant is not liable to the landlord for a monthly payment of rent which fell due on a secular legal holiday occurring on the day before the making of the assignment and the commencement of his occupation, nor for use and occupation where the lease has remained in effect during the entire period of his occupancy; and, therefore, neither the rent nor the value of the use and occupation can be offset by the landlord against a claim by the assignee for the price of chattels of the assignor sold by the assignee, during his occupation, to the landlord.

*Walton* v. *Stafford*, 14 App. Div. 310, affirmed.

(Argued March 22, 1900; decided May 1, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 29, 1897, in favor of plaintiff, the trial court having directed a

verdict in favor of defendants upon their counterclaim, subject to the opinion of the Appellate Division.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James M. Gifford* for appellants. The assignee is liable upon the covenant to pay rent which matured while he was in possession. ( *Woodruff* v. *E. Ry. Co.*, 93 N. Y. 624; *Frank* v. *N. Y., L. E. & W. R. R. Co.*, 122 N. Y. 219; *Holsman* v. *De Gray*, 6 Abb. Pr. 79; *Young* v. *Peyser*, 3 Bosw. 308; *Astor* v. *Lent*, 6 Bosw. 612; *Jones* v. *Hausmann*, 10 Bosw. 168; *Sayles* v. *Kerr*, 4 App. Div. 150; *State Bank* v. *Wise*, 3 Watts [Penn.], 394; *Greider's Appeal*, 5 Penn. St. 426; *Prentiss* v. *Kingsley*, 10 Penn. St. 123.) If the assignee cannot be held on the covenant he is, at all events, liable for a reasonable satisfaction for the use and occupation of the premises. (1 R. S. 728, § 26 [L. 1896, ch. 547, § 190]; *People* v. *Simpson*, 28 N. Y. 55; *Jarvis* v. *Driggs*, 69 N. Y. 143; *Brown* v. *Mayor, etc.*, 66 N. Y. 385; *Lamb* v. *Lamb*, 146 N. Y. 317; *Preston* v. *Hawley*, 139 N. Y. 296; *Collyer* v. *Collyer*, 113 N. Y. 442.)

*Everett Masten* for respondent. If the plaintiff incurred any liability whatever for the rent, it could only have been as a mere assignee of the lease and upon the same principles and to the same extent as any other assignee of a lease, that is to say, not through any privity of contract, but only through privity of estate, and for such installments of rent as by the terms of the lease became due and payable after such privity of estate arose. ( *Childs* v. *Clark*, 3 Barb. Ch. 52; McAdam on Land. & Ten. [2d ed.] 283; *Anderson* v. *Hamilton*, 16 Daly, 18.) The rent was due and payable on the first day of the month. (Daniels Leases [London ed., 1895], 49; *Craig* v. *Butler*, 156 N. Y. 672; 83 Hun, 286.) An assignee of a lease under the circumstances of this case is not liable for use and occupation. ( *Frank* v. *N. Y., L. E. & W. R. R. Co.*, 122 N. Y. 197; *Kiersted* v. *O. & A. R. R. Co.*, 69 N. Y. 343.)

BARTLETT, J.   The claim set forth in the complaint is not disputed, and the question presented by this appeal is whether the defendants are entitled to judgment on their counterclaim for balance unpaid after deducting amount due plaintiff.

The plaintiff's assignor, Francis T. Walton, leased of the defendants in February, 1893, the Grand Hotel, in the city of New York, for a term of years; the tenant, on the 2d day of January, 1894, made a general assignment for the benefit of his creditors to the plaintiff, and the latter took possession of the assigned property on that day.

This case was heard at the Trial Term upon a stipulation as to the facts.   The plaintiff continued in possession of the demised premises until January 28, 1894, at which time a warrant in. dispossess proceedings was issued, and he thereupon surrendered possession to the defendants.

During the month of January, while so occupying the hotel premises, the plaintiff collected rent from the sub-tenants, hired the employees and carried on the general business, but paid no rent.

On the 27th of January, 1894, plaintiff sold to the defendants certain personal property, located on the premises, at the agreed price of $811.16.   The plaintiff brought this action to recover that amount, and the defendants, admitting the same to be due, set up a counterclaim to the effect that plaintiff is liable to them for rent for the month of January, 1894, and that after crediting amount due plaintiff there is due them $3,348.84, with interest from January 1, 1894.

The annual rental under the lease was $51,000, payable in twelve equal monthly payments to be made in advance on the first day of each and every month.

It is stipulated in writing as follows: " Plaintiff's assignor, Francis T. Walton, failed to pay the rent for the month of January, amounting to four thousand two hundred and fifty ($4,250), which, pursuant to the provisions of the lease, he was obligated to pay on the first day of the month."

The defendants' counterclaim is based upon the contention that, as the first day of January, 1894, was a legal holiday, the

rent did not become due until the next day, and as the plain-
tiff was then in possession as assignee for the benefit of the
tenant's creditors he was liable to pay the rent, as it accrued
during the period of his occupancy.

It is conceded that there was only privity of estate existing
between the assignee and the landlords from and after Janu-
ary 2, 1894. It is also admitted that on the 2d day of Janu-
ary, 1894, after the deed of assignment had been filed, and
the assignee taken possession, defendants' agent called on
plaintiff and demanded payment of the rent for the month
of January, which was refused. It is the well-settled law
that an assignee for the benefit of creditors when receiving,
among the assets of his assignor, the unexpired term of a
lease, has a reasonable time in which to decide whether he
will accept the lease and assume the burdens of its covenants
on behalf of the estate, or surrender possession of the prem-
ises to the landlord.

The question is of no importance in this case, as the acts
of the assignee amounted to an acceptance of the assignment
of the lease, and also for the further reason that the relation
of landlord and tenant was terminated on the 28th day of
January, 1894, by the removal of plaintiff from the premises
under the warrant issued in summary proceedings before any
rent was due from him, as he contends.

As the parties, under the portion of the stipulation already
quoted, have admitted that the January rent was due on the
first day of the month, we would be warranted in holding
that the defendants' counterclaim has no foundation in law;
but we prefer to rest our decision on the additional ground
that the rent falling due on January 1st, 1894, was payable at
that time, notwithstanding it was a legal holiday.

It is conceded that the day of the week was not Sunday,
but Tuesday.

We are aware of no controlling authority or positive
statute that prevents rent, falling due on a legal holiday,
which is not Sunday, from being treated as due and payable
on that day.

71

The Statutory Construction Law (Laws 1892, ch. 677, § 27) provides as follows : " A number of days specified as a period from a certain day within which or after or before which an act is authorized or required to be done means such number of calendar days exclusive of the calendar day from which the reckoning is made. Sunday or a public holiday  *  *  * must be excluded from the reckoning if it is the last day or an intervening day of any such period of two days."

This law was amended (Laws 1897, ch. 614, § 1) by increasing the number of legal holidays enumerated in section 24 of the act of 1892, and then providing : " The days and half days aforesaid shall be considered as the first day of the week, commonly called Sunday, and as public holidays or half holidays, for all purposes whatsoever as regards the transaction of business in the public offices of the state, or counties of this state."

There is also a statutory enactment that where a negotiable instrument matures on Sunday or a holiday it is payable on the next succeeding business day (Laws 1887, ch. 289 ; The Negotiable Instruments Law, § 145 ; Laws 1897, ch. 612, § 5). As banks close on legal holidays this legislation was necessary in regard to commercial paper.

We thus have holidays distinctly dealt with by the legislature as to computation of time in certain cases, as to the transaction of business in public offices and as to the falling due of commercial paper, but the matter of rent and its payment is unaffected by this legislation.

In this case the rent was due and payable on January 1st, 1894, and consequently during the period the assignee occupied the premises no rent fell due.

The rent was a due debt the assignor owed the defendants at the time he executed his general assignment on the 2d day of January, 1894.

The appellants contend that if the assignee cannot be held for the rent he is at least liable for the use and occupation of the premises, as he collected rent from the sub-tenants and otherwise enjoyed the use of the premises without paying anything for the privilege.

The answer to this contention is that the landlord might have at once removed both the assignor and assignee from the premises by reason of the former's failure to pay the January rent when due.

The assignee merely entered the premises as succeeding to the rights of his assignor. If the assignee had remained in possession of the premises no rent would have been due from him until February 1st, 1894. Privity of estate between him and the landlords began on January 2d, 1894, and no rent fell due before he was removed from the premises, and as a result he owes nothing to the lessors. (*Childs* v. *Clark*, 3 Barb. Ch. 52, 60.)

There can be no recovery of the plaintiff for use and occupation, as the lease was in full force and effect during the period of his occupancy.

The judgment of the Appellate Division should be affirmed, with costs.

PARKER, Ch. J., GRAY, CULLEN and WERNER, JJ., concur; MARTIN, J., concurs in result; VANN, J., not voting.

Judgment affirmed.