BRADKIN REALTY CO. v. LESSER.

(Supreme Court, Appellate Term, First Department.    January 7, 1916.)

1. ASSIGNMENTS FOR BENEFIT OF CREDITORS ⬅235—LIENS—LANDLORD'S LIEN—LIABILITY OF ASSIGNEE.

Where plaintiff sued an assignee for the benefit of creditors, for the use and occupation of premises leased by the assignor, who was in possession under lease at the time of assignment, he could not recover; the lease to the assignor being in full force and effect, and the accrued rent being his debt, where there was no express agreement by the assignee to pay.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. §§ 762–764; Dec. Dig. ⬅235.]

2. CONTINUANCE ⬅30—GROUNDS—SURPRISE AT TRIAL.

Where, after the evidence was in, plaintiff amended to claim an express promise to pay by the assignee, his amendment was a change of the cause of action, on which defendant was entitled to adjournment for surprise.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. §§ 99–112; Dec. Dig. ⬅30.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action for rent by the Bradkin Realty Company against Henry Lesser, individually and as assignee of Harry L. Dangler. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued November term, 1915, before LEHMAN, BIJUR, and FINCH, JJ.

Jacob I. Berman, of New York City, for appellant.

M. S. & I. S. Isaacs, of New York City (James Garfield Moses, of New York City, of counsel), for respondent.

FINCH, J. The plaintiff sued the defendant, individually and also as assignee of one Harry L. Dangler, for the use and occupation of certain premises from November 19, 1914, to and including November 30, 1914. Dangler had leased the premises from the plaintiff, "for a period commencing February 1, 1914, and expiring January 31, 1916, at the monthly rental of $291.67, and payable on the 1st day of each and every month in advance." Dangler was in possession of the demised premises on November 1st and until November 19th, when the defendant entered into possession by virtue of an assignment from Dangler to him for the benefit of Dangler's creditors. Dangler had not paid the rent for the months of October and November. After November 19th the plaintiff instituted summary proceedings to dispossess both Dangler and his assignee.

Upon the trial it was the contention of the plaintiff that, after these proceedings were instituted, the defendant called up the plaintiff's attorney and old him that, if the dispossess proceedings were discontinued, he (the defendant) would personally pay the rent for the time he occupied the premises, which he thought would be about two weeks. He actually did occupy the premises from November 19th until December 30th, and for this time the plaintiff has obtained a judgment.

This personal promise on the part of the defendant is vigorously disputed by the defendant. The plaintiff, by its complaint, asked judgment for the reasonable value of the premises. The defendant at first served an answer denying only the paragraph in the complaint alleging that the premises were reasonably worth the amount stated, but subsequently by an amendment, which the court permitted, alleged for a separate defense, the assignment and the fact that the defendant s assignor had been in possession of the premises on the 1st day of November, 1914, and so in accordance with the doctrine laid down in Walton v. Stafford, 162 N. Y. 558, 57 N. E. 92, no rent would be due from the defendant in the absence of an express promise to pay. At the trial the defendant urged the doctrine laid down in Walton v. Stafford, supra. During the defendant's case, the plaintiff, in cross-examining the defendant, asked the defendant whether he had ever personally promised to pay the rent to the plaintiff. This defendant denied. The attorney for the plaintiff thereupon took the stand and testified, over objection and exception, to an agreement on the part of the defendant that he would personally pay the reasonable value of the premises if the plaintiff would discontinue the dispossess proceedings. The defendant's counsel then finished the case, and the plaintiff's counsel

moved to amend the complaint, so that it would contain an express promise by the defendant to pay. This amendment was objected to, but was allowed by the court. The court then asked if that was the entire case, and both counsel assented. Thereupon the defendant's counsel entered into a long argument, in which he claimed that he had not come prepared to try any such issue as the amendment to the complaint permitted, and during the course of the argument he claimed surprise. The court dismissed the action against the defendant as assignee.

[1, 2] Without the amendment the plaintiff could not have recovered, either against the defendant individually or as assignee (Walton v. Stafford, supra), because the complaint originally alleged only a cause of action for use and occupation, and under the case cited (Walton v. Stafford, supra) a recovery could not have been had, because the lease to Dangler was in full force and effect. The amendment set up a new cause of action on an express promise, and the defendant did not have an opportunity to meet this new cause of action. Under section 166 of the Municipal Court Act (Laws 1902, c. 580), the court undoubtedly had the power to allow the amendment. The amendment so changed the cause of action that the defendant could properly claim surprise. This he did:

"Defendant Counsel: * * * I do not think that after the whole case is tried that such an amendment should be allowed, because I did not come here prepared to try any such issue. I came here prepared to try a proposition of law."

That this was so is plainly evident from the amendment to his answer, which the defendant set up. The defendant also claims surprise:

"Defendant's Counsel: I am urging that on my point of surprise on your honor allowing the amendment.
"The Court; I have heard no plea of surprise."

While the defendant did not in so many words ask for an adjournment, yet he plainly showed that he was taken by surprise, and was not prepared to meet the issue raised against him. It cannot be said that the amendment would promote substantial justice, unless the defendant is allowed to have his day in court on the new issue thus raised.

The judgment must be reversed, and a new trial ordered, with $30 costs to the appellant to abide the event. All concur.