### WEISSMAN v. GREENBERG.

(Supreme Court, Appellate Term, First Department. February 10, 1916.)

APPEAL AND ERROR ☞1177—REVERSAL—AMOUNT OF JUDGMENT—THEORY OF CASE.

In an action by a landlord against the assignee for the benefit of the tenant's creditors, who remained in possession from the 8th day of one month until the 23d day of the next month, the rent being $125 per month, payable on the 1st of each month, a judgment for $62.50, sustainable on no possible theory, will be reversed, and a new trial granted.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4597–4604, 4606–4610; Dec. Dig. ☞1177.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Bernard Weissman against Alexander B. Greenberg. From a judgment for plaintiff after a trial by judge without a jury, he appeals. Reversed, and new trial granted.

Argued January term, 1916, before GUY, BIJUR, and GAVEGAN, JJ.

Louis A. Sable, of New York City, for appellant.

Gans, Davis & O'Neill, of New York City, for respondent.

BIJUR, J. Defendant became assignee for the benefit of the creditors of a tenant of the plaintiff. The assignment was executed October 8, 1914, and defendant remained in possession until November 23, 1915. The rent under the lease was $125 per month, payable on the 1st of each month.

It is possible on the record made that defendant might be liable, on an alleged express promise to pay that rent, for the entire $187.50, or for the $125 for the month of November (see Walton v. Stafford, 162 N. Y. 558, 57 N. E. 92), or, as seemingly conceded by both sides, if he was liable for such proportion of the November rent as was covered by his occupancy, then for about $95. On no possible theory can the judgment for $62.50 and $12 costs be sustained.

Judgment reversed, and new trial granted, with $30 costs to appellant to abide the event. All concur.