Sedgwick, C. J.
The action was for rent against Mr. Salisbury personally, not against him as trustee or assignee. The addition, “ Assignee,” etc., to his name in the title is a descriptio personae. The complaint on its face makes no demand against him as assignee. His liability rests upon his personal acts, done, it may be assumed, for the benefit of the estate. The defendant had become the assignee of Abraham Steers for the benefit of creditors under the statute. The assignor made no schedule of his assets, and therefore the defendant proceeded to make a schedule of assets. In them he placed the following: “ Lease made between- and Abraham Steers of yard East river, between 126th arid 127th streets. Rental, $5,000 per annum, to run from May 1, 1893. Nó value.” The main question upon the trial was whether the defendant made himself assignee of this lease by accepting it or taking the term of it, so that by privity of estate he became bound by its conditions. The learned judge found that the defendant, the next day after filing his bond, about December 18, 1893, took possession of the premises described in the complaint, and remained in possession thereof until May 1, 1894; that the defendant used the premises for the purpose of storing the lumber which he found thereon, and sold said lumber on the premises, and delivered it from the premises until after May 1, 1894. Besides these facts, were to be considered whether the defendant used the qualified right of an assignee to go oh the premises and remove the goods therefrom in a reasonable time, to be judged by the circumstances, or used the premises beyond that, and for the benefit of the estate. This, of course, was a question of fact, which the judge has answered by his decision.If the premises were used beyond the time necessary, it is very material to the issue of acceptance. On two occasions the defendant said in writing that he disclaimed accepting the lease, and that he did not accept the lease. This was not irrefutable proof that he did not accept. The proof of the other facts of the case showed that he had in fact accepted. Perhaps what he did amounted in law to an acceptance, although he did not know their legal effect. The court had to pass upon that legal effect, and did so. If the facts adverted to did not by themselves sustain the finding of acceptance, the following circumstance was sufficient to sustain it: The answer alleges that about April 30, 1894, the plaintiff herein 'commenced an action in the district court, etc., in which the said demised premises are situated, against Abraham Steers as tenant, and this defendant as assignee, to recover possession of said premises for nonpayment of rent, etc. On or about the 4th Mav,1894, a dispossess warrant against Abraham Steers as tenant, and this defendant as assignee, was duly issued, and that thereunder the plaintiff took possession *85 of the said demised premises. A summons in this proceeding was served upon the defendant. Whether he appeared or did not appear, he was bound by theaadjudication that he was liable for the rent, which could only be as assignee of the lease in question. Nemetty v. Naylor, 100 N. Y. 562.
Judgment affirmed, with costs.