### WALTON v. STAFFORD et al.

(Supreme Court, Appellate Division, First Department. February 19, 1897.)

1. ASSIGNMENT FOR BENEFIT OF CREDITORS—ACCEPTANCE OF LEASE.
    The acceptance by an assignee of a lease held by the assignor renders him liable on the covenants therein as such assignee only.
2. SAME—MATURING COVENANTS.
    An assignee who has accepted a lease held by his assignor as an asset of the estate is liable thereon only for the covenants maturing after the assignment.
3. SAME—RENT PAST DUE.
    Where an assignment was executed January 2d, and the assignee accepted a lease held by the assignor, and took possession of the leased premises, he was not liable for the rent which became due January 1st for the month of January.
4. APPEAL—POINTS NOT RAISED BELOW—JUDICIAL NOTICE.
    The court will not take judicial notice that the date on which rent became due was Sunday, when raised for the first time on appeal.

Action by Charles L. Walton, assignee for the benefit of the creditors of Francis T. Walton, against Robert Stafford and others. Motion for judgment on an order entered in the office of the clerk of the county of New York on the 23d day of September, 1896, directing a verdict in favor of defendants, against plaintiff, for $3,013.86, subject to the opinion of the appellate division. Denied.

On the 28th day of February, 1893, the defendants leased to plaintiff's assignor, Francis T. Walton, the premises known as the "Grand Hotel," in this city, for a term of four years and six months, at an annual rental of $51,000, payable monthly in advance, on the 1st day of each month during the term. One installment of rent under this lease became due on the 1st of January, 1894. That installment was not paid. On the 2d day of January, 1894, Walton made a

general assignment for the benefit of creditors to the plaintiff. Immediately upon the execution of this assignment, the plaintiff, professing to act under authority thereof, entered into possession of the demised premises, and continued to operate the same as an hotel until about the 29th day of January, 1894, at which time a warrant in dispossess proceedings was issued, and the plaintiff thereupon surrendered possession of the premises to the defendants. During the month of January, while operating this hotel, plaintiff collected rent from subtenants, hired the employés, and carried on a general hotel business, but paid no rent therefor. Upon the 27th day of January, 1894, the plaintiff, as assignee, sold certain portions of the assigned property to the defendants, for the agreed sum of $811.16, no part of which has been paid. This action is brought to recover this sum. The defendants seek to counterclaim the rent for January, 1894, and claim judgment therefor, after crediting the price of the goods. These facts being admitted, the trial judge directed a verdict in favor of the defendants for the amount of their counterclaim (less $811 and interest), subject to the opinion of this court.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

Esek Cowen, for plaintiff.
James M. Gifford, for defendants.

BARRETT, J. The sole question here is as to the validity of the defendants' counterclaim. Were they, upon the agreed facts, entitled to recover from the plaintiff, in his representative capacity, the rent payable upon the 1st day of January? The plaintiff, being an assignee for the benefit of creditors, had an election to accept or decline the lease. He had a reasonable time to ascertain whether this lease could be made available for the benefit of the creditors whom he represented. If thereupon he found that the term, burdened with the payment of rent and the performance of other conditions, was an interest of no value; that, instead of being a benefit, it would probably diminish the amount to which the creditors would otherwise be entitled,—his duty was to decline the lease. If, however, his investigation led him to believe that the lease was a valuable asset, he could, as in fact he did, accept it. Journeay v. Brackley, 1 Hilt. 447. Upon its acceptance, it became a part of the assigned estate, held by the assignee in his trust capacity, subject to the covenants contained therein. While it was so held, the assignee, in his representative capacity, was chargeable with all the conditions attached thereto. It was not his contract, either personal or as representative; and his liability upon the covenants was consequently not contractual. That liability was the liability of his assignor's estate, legally resulting from its acquisition of the lease as an asset. It was therefore the plaintiff's liability as assignee.

In the present case the assignee accepted the lease, and utilized the demised premises for the benefit of his cestuis que trustent. Privity of estate was thus established, and, as a sequence, the plaintiff's liability as assignee for the rent falling due during the period of his occupation. This was a liability which ceases upon his eviction by the lessor, or upon his assignment of the lease to a third person, with surrender of possession. His liability while in possession, however, was not for use and occupation (Kiersted v. Railroad Co., 69 N. Y. 343), or upon a quantum meruit (as erroneously held in

Foster v. Oldham, 4 Misc. Rep. 202, 23 N. Y. Supp. 1024, and Smith v. Wagner, 4 Misc. Rep. 623, 23 N. Y. Supp. 812), but upon the covenants of the lease. "Where a lessee assigns his whole estate," said Judge Rapallo in Stewart v. Railroad Co., 102 N. Y. 607, 8 N. E. 201, "without reserving any reversion therein to himself, a privity of estate is at once created between the assignee and the original lessor, and the latter has a right of action directly against the assignee, on the covenant to pay rent, or any other covenant in the lease which runs with the land." This liability results, not from privity of contract (for there is no such privity), but solely from privity of estate. The lessee's estate is burdened with the covenants running with the land, and the assignee takes the term for this trust estate subject to the burden. It follows that the plaintiff is liable only upon such covenants as matured during the period of his possession. Upon the agreed state of facts, it appears that one of the covenants was to pay the January rent upon the 1st day of that month. The lease was not assigned until the next day. Consequently, the assignee, as such, was chargeable with no primary liability for the January rent, upon his assumption of the lease. That rent was a debt of the assignor, existing at the time of the execution of the assignment, and provable as such against the assigned estate.

It is, however, suggested that the 1st day of January fell on Sunday, and that, therefore, the obligation accrued on the next day,—Monday, January 2d,—which was the day when the assignment was executed and delivered. Nothing of the kind appears in the record, and the suggestion is made for the first time upon this appeal. The stipulation is explicit that the assignor was obligated to pay the rent for the month of January on the 1st day of that month. It was upon this agreed fact, and upon that alone, that the learned trial judge made his ruling. We are asked to supplement this fact with another fact, which has never been agreed upon, and to do so by taking judicial notice of the coincidence of the day of the week with this day of the month. We do not think this would be proper upon the present appeal. The matter was not called to the attention of the court upon the trial, nor was the court there asked to take judicial notice of the fact now suggested, or to consider any fact in addition to those agreed upon. That the 1st day of January fell upon Sunday was a fact like any other fact. It is true that it was not a fact which the defendants were bound to prove in the ordinary way, but it was none the less a fact which they were required, if they desired its consideration, to place in some way before the court and jury. They were at least bound to bring the fact to the attention of the court, and to claim for it judicial notice. As they did not do this, the fact is not in the case, and it cannot be got into the case without giving the stipulation an effect not contemplated by the parties when they entered into it. It is our duty to give the appropriate judgment solely upon those facts which the defendants chose to present below, and which alone appear in the record. We can add neither independent facts nor additional facts tending to vary the ordinary effect of those specified in the stipulation.

We may add that the court is not invariably bound, sua sponte, to take judicial notice of whatever ought to be generally known. Attention must first be called to the fact, and even then the party asking the court to take judicial notice thereof must, at the judge's request, furnish the proper books or documentary evidence wherewith to refresh his recollection. Where the memory of the judge is at fault, he may refuse to take judicial notice of the fact, unless such books or documentary evidence are produced. Steph. Dig. Ev. art. 59; Scheffler v. Railway Co., 32 Minn. 521, 21 N. W. 711. But the whole matter is within the judicial discretion. The judge is not obliged to take judicial notice of the fact, but is at liberty to do so in his discretion. Hunter v. Railroad Co., 116 N. Y. 621, 23 N. E. 9. If, however, he does take judicial notice of such fact, he may inform himself of it in any way which he may deem best. 1 Greenl. Ev. (15th Ed.) p. 15, and cases cited in note.

How the trial judge here would have acted had the coincidence in question been brought to his notice, we cannot know. There was, as we have seen, no reference thereto before him. Nor was there any offer of an almanac or other chronicle, either upon the trial or even upon this appeal. The effort now is to induce us to ignore these conditions, and upon this appeal to supplement carefully formulated facts, which were reduced to writing, and upon which the decision under review was made, with another fact, to which the parties have never agreed, and to which they might never have agreed. We think it would be unjust to inject this other fact into the stipulation of the parties without their consent, or to decide the controversy upon anything save the precise facts upon which they have specifically agreed. Upon those facts, we think the counterclaim here should be dismissed, and judgment directed for the plaintiff for the sum of $811.16, with interest from the 27th day of January, 1894, with costs.

VAN BRUNT, P. J., and RUMSEY and PATTERSON, JJ., concur. WILLIAMS, J., concurs in result.