## CAMERON v. NASH.

(Supreme Court, Appellate Division, First Department. June 9, 1899.)

LANDLORD AND TENANT—OPERATION OF LEASE.

> An assignee for the benefit of creditors, who takes possession of premises under a lease to his assignor, and continues in possession with knowledge of the terms of the lease, must pay the rent therein specified, until he surrenders possession.

Appeal from trial term, New York county.

Action by John L. Cameron against William E. Nash, assignee, etc. Judgment for plaintiff entered on verdict directed by the court, and defendant appeals. Affirmed.

Argued before McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Louis Wertheimer, for appellant.
Thomas D. Rambaut, for respondent.

PATTERSON, J. In an action to recover rent of premises in the possession of the defendant, a verdict was directed for the plaintiff, and from the judgment entered thereon this appeal is taken. The defendant is an assignee for the benefit of creditors of one Beiser. The assignment was made to him in June, 1898. It was alleged in the complaint that he entered into the possession and occupation of the premises, and continued as the tenant thereof during the months of July, August, September, and October, 1898, and it is admitted in the answer that he did enter and continue in the possession and occupation of the premises. The complaint charges that there was an agreed rent per month, which is denied by the answer. The court below regarded the complaint as one for use and occupation, but in deciding the case allowed, under the authority of Deyo v. Morss, 144 N. Y. 216, 39 N. E. 81, an amendment of the complaint to conform to the facts proved. It appeared in evidence that the premises belonged to three persons, who had rented the same by a written lease to Beiser, and that the lease passed under the general assignment to the defendant. By taking possession under that lease, the assignee became liable to pay rent while he was in possession of the premises, and, as is pointed out in Walton v. Stafford, 14 App. Div. 312, 43 N. Y. Supp. 1049, that liability is not for use and occupation, but on the covenants of the lease. The landlord's claim was assigned to the plaintiff in this action. Every fact necessary to the establishment of a cause of action on the lease was proven without objection on the trial. The transfer of the landlord to the plaintiff of the claim for rent due and unpaid under the lease, as against the assignee for the benefit of creditors, was read in evidence. Direct testimony was given on behalf of the plaintiff that, from the beginning of the occupation by the defendant, the lessors insisted upon the payment of rent under the lease, in advance, and that they would make no other arrangement, except to take the rent according to the terms of the lease. That lease was in court, but the record does not show that it was marked in evidence. The defendant testifies that the lessors' agent told him that he would listen to no proposition unless made in writing, and that any money paid must be applied on the lease, and the lessors demanded from time to time the rent, as provided for in the lease, which was payable monthly in advance. The defendant testified positively that the rent was demanded on the lease of the building. The defendant, therefore, accepted the lease, was in possession, continued in possession with full knowledge of the terms of the lease, and was liable under the covenants; there being no new arrangement made and no change in the relation of the parties brought about.

Under such circumstances, and with all the proof necessary to a recovery being in the case, without any objection of the defendant, the court possessed the power to conform the pleadings to the proof. The rent sued for was for the months of July, August, September, and October. The verdict was directed for three months' rent only, ex-

cluding October. The appellant claims that he was liable only for one month's rent. There is enough in the proofs to justify a recovery for the three months. The defendant did not surrender the premises. He insists that they were virtually vacated by him on the 1st of August after an auction sale of the assigned personal property. There was evidence to show that the auction sale was still going on on the 12th of August, and the defendant retained the key of the premises until the 28th of September, when he delivered it to Mr. Whiting.

The judgment must be affirmed, with costs. All concur.