(40 Misc. Rep. 645.)

### MAN v. KATZ.

(Supreme Court, Appellate Term. March, 1903.)

1. ASSIGNMENT FOR CREDITORS—INDIVIDUAL LIABILITY OF ASSIGNEE.

An assignee for creditors, taking a lease, along with other effects of the assignor, as a part of the assigned estate, is liable on it in his representative capacity, but not as an individual.

Appeal from City Court of New York, Trial Term.

Action by William Man, as trustee, etc., against Edward A. Katz. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Stern, Singer & Barr (Bert Cohen, of counsel), for appellant.
Frederick H. Man (Henry H. Man, of counsel), for respondent.

GILDERSLEEVE, J. .It appears from the evidence and admissions of counsel that plaintiff leased a building to the Elmer Parlor Furniture Company for a term of 10 months from July 1, 1902, at a rental of $208.33 a month, payable in advance. This corporation made an assignment for the benefit of creditors to the defendant, who took the lease, along with other effects of the assignor, and continued in the use and occupation of the building. When the rent for October, 1902, became due, defendant failed to pay it, and plaintiff sued him individually for the rent. The case was tried in the Trial Term of the City Court, and the justice directed a verdict for plaintiff. The defendant put in no evidence, and the facts are practically undisputed. The defendant appeals, and the only question raised on the appeal is as to the individual liability of the defendant, who took the lease, as we have seen, as assignee for the benefit of creditors of the lessee, the said corporation.

We are of the opinion that the rule laid down in Walton v. Stafford, 14 App. Div. 312, 43 N. Y. Supp. 1049, affirmed in 162 N. Y. 563, 57 N. E. 92, must control the disposition of this appeal. The plaintiff there was an assignee for the benefit of creditors. The assignor was the lessee of certain premises, and the assignee accepted the lease as an asset of the assigned estate, and utilized the demised premises for the benefit of his cestui que trust. It was there held that the lease became a part of the assigned estate, held by the assignee in his trust capacity, subject to the covenants contained therein. While it was so held, the assignee, in his representative capacity, was chargeable with all the conditions attached thereto. It was not his contract, either

¶ 1. See Assignments for Benefit of Creditors, vol. 4, Cent. Dig. §§ 763, 764.

personal or as representative, and his liability upon the covenants was consequently not contractual. The liability was the liability of his assignor's estate, legally resulting from its acquisition of the lease as an asset. It was therefore the assignee's liability as assignee. A distinction must be drawn between contracts of an assignor that pass into the hands of an assignee, and contracts made by him as assignee in his administrative capacity. The latter creates contractual relations, and may be enforced against him personally. The former is a liability of the assignor's estate, and cannot be enforced against the assignee individually. Applying this doctrine to the case at bar, the conclusion is that the plaintiff could have brought the action against defendant as assignee, and not against him in his individual capacity.

The judgment is reversed and a new trial granted, with costs to the appellant to abide the event.

FREEDMAN, P. J., concurs.

GIEGERICH, J. (concurring). The action is brought against the defendant individually to recover rents of certain premises known as No. 376 Broome street, in the borough of Manhattan, city of New York. The defendant is the assignee for the benefit of creditors of the Elmer Parlor Furniture Company. The assignment to him was made on the 19th day of September, 1902, at which time his assignor was occupying the premises under a lease for a term of 10 months, beginning July 1, 1902, at a monthly rental of $208.33, payable in advance on the 1st day of each month. The defendant duly qualified as such assignee, accepted the lease, and entered into the possession of the premises, which he continued to occupy until dispossessed on or about the 29th day of October, 1902, for nonpayment of rent. This action was then begun against him individually to recover the October rent. No evidence was presented in behalf of the defendant, and upon the facts above stated a verdict was directed for the plaintiff, and from the judgment entered thereon this appeal is taken.

The respondent relies on the general principle that expenses incurred by one acting in a representative capacity can be collected by suit against him individually, and only by such suit. Ferrin v. Myrick, 41 N. Y. 315, Darling v. Powell, 20 Misc. Rep. 240, 45 N. Y. Supp. 794, and Schmittler v. Simon, 101 N. Y. 554, 5 N. E. 452, 54 Am. Rep. 737, are cited as supporting this rule in the case of executors; New v. Nicoll, 73 N. Y. 127, Mulrein v. Smillie, 25 App. Div. 135, 48 N. Y. Supp. 994, and Blewitt v. Olin, 14 Daly, 351, in the case of trustees; and Draper v. Salisbury, 11 Misc. Rep. 573, 32 N. Y. Supp. 757, in the case of an assignee for the benefit of creditors.

The defendant, however, points to the case of Walton v. Stafford, 14 App. Div. 310, 43 N. Y. Supp. 1049, where, at page 312, 14 App. Div., page 1049, 43 N. Y. Supp., it is said that, if an assignee finds that the lease is a valuable asset, he can accept it, and that:

"Upon its acceptance it became a part of the assigned estate, held by the assignee in his trust capacity, subject to the covenants contained therein. While it was so held, the assignee, in his representative capacity, was chargeable with all the conditions attached thereto. It was not his contract, either personal or as representative, and his liability upon the covenants was con-

sequently not contractual. That liability was the liability of his assignor's estate, legally resulting from its acquisition of the lease as an asset. It was therefore the plaintiff's liability as assignee."

This, I think, must be taken as overruling the decision made in Draper v. Salisbury, 11 Misc. Rep. 573, 32 N. Y. Supp. 757, that the assignee is liable personally.

Such being the law, the trial court clearly erred in directing a verdict in favor of the plaintiff. I am therefore of the opinion that the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed and new trial ordered, with costs to appellant to abide event.