MEAD et al. v. MADDEN.

(Supreme Court, Appellate Division, Second Department. June 12, 1903.)

1. LEASE—ASSIGNMENT—LIABILITY OF ASSIGNEE.
     Where a lessee assigns his whole estate in the leased premises without providing to any reversion for himself, the assignee is liable to the lessor for rent.

2. SAME—ESTOPPEL.
     A lessee made an assignment of all his property, including the lease, for the benefit of creditors. The assignee went into possession of the leased premises under the assignment. Subsequently a federal court adjudged the lessee an involuntary bankrupt, and held the assignment void ab initio. *Held*, that by going into possession the assignee estopped himself from setting up the defense that under the federal court holding there had never been any assignment, so that he could not be liable to the lessor as assignee of the lease.

Appeal from trial term, Kings county.

Action by Sarah F. Mead and others, as executrices and executors of John J. Studwell, deceased, against William J. Madden. Judgment for plaintiffs, and defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Edmund T. Oldham, for appellant.
H. I. Brightman, for respondents.

HOOKER, J. Upon the trial the facts were stipulated substantially as follows: That on or about the 22d day of March, 1899, by an instrument in writing, the plaintiffs leased to one Thomas P. Morrow certain premises in the borough of Brooklyn for the term of three years from the 1st day of May, 1899, the rent being reserved for the first year at the rate of $900 per annum, and for the second at the rate of $1,000. That on or about the last-named day the defendant entered into and continued in possession of the premises until the 10th day of April, 1900, and paid the rent due under the terms of the lease up to the 1st day of April, 1900. On the 10th day of that month Morrow made a general assignment for the benefit of his creditors to the defendant, who there-

¶ 1. See Landlord and Tenant, vol. 32, Cent. Dig. § 822.

upon at once took possession of the premises for the benefit of the assigned estate, with the knowledge and consent of the plaintiffs. On the 1st day of July, 1900, Morrow was adjudged an involuntary bankrupt. The federal court held that his general assignment was an act of bankruptcy, and that the assignment was void ab initio, and that court directed Madden to turn over to the trustee in bankruptcy all of the estate he received under the assignment. That the value of the use of the demised premises for the period during which the defendant occupied the same was $216.66, being rent for 20 days in April at the rate of $75 per month, and for May and June at the rate of $83.33; and that the defendant has paid no part thereof. Upon these facts the court directed judgment in favor of the plaintiffs for the full sum of $216.66, with interest, and from that judgment the defendant has appealed to this court.

The appellant urges upon us that the questions of law presented upon this appeal are absolutely novel; and, inasmuch as the federal court adjudged the assignment to have been void ab initio, and consequently never to have existed, Madden was never the assignee of Morrow, and hence is not liable to the plaintiffs in an action for the rent during his possession of the premises. It must be admitted that, had there been no adjudication in the federal court, Madden would have been liable, for it has been long established that, where a lessee assigns his whole estate without providing for any reversion to himself, there is at once created as between his assignee and the lessor a privity of estate which grants to the lessor an action directly against the assignee for rent. Stewart v. Long Island R. R. Co., 102 N. Y. 601, 8 N. E. 200, 55 Am. Rep. 844. In particular relation to assignees for the benefit of creditors, the rule seems to be that they have an election whether or not to accept a lease so assigned without affecting their rights as to other assigned property. If he elects to accept the interest of the assignor by entering into possession, or by doing any other act which is equivalent to signifying the acceptance of the term as assignee of the lease, such an assignee will become the tenant of the premises, and render himself liable for the rent. Jermain v. Pattison, 46 Barb. 9; Smith v. Wagner, 9 Misc. Rep. 122, 29 N. Y. Supp. 284; Journeay v. Brackley, 1 Hilt. 457; Draper v. Salisbury, 11 Misc. Rep. 573, 32 N. Y. Supp. 757; Myers v. Hunt, 8 N. Y. St. Rep. 338. The case at bar takes us one step beyond this proposition. The appellant's claim is that, inasmuch as the bankruptcy court has in fact said there never was an assignment to Madden, this rule cannot be held to apply. We think, however, that the defendant was, by his possession and use of the premises, estopped from setting up that he was in possession under a void assignment. It has been held, and never questioned, so far as we are advised, that in an action by a lessor for rent against a person alleged to be an assignee of the lessee, where it appears that the defendant was in possession under the lease and with the consent of the lessee, "and having the benefits of an actual assignment, he is estopped from setting up that he is assignee only by parol agreement, and not by a valid written instrument." Carter v. Hammett, 12 Barb. 253. It appears in that

case that the instrument purporting to have been an assignment was invalid because not in writing, and the court reversed a judgment entered upon the report of the referee in defendant's favor. That case was before the New York General Term three years later, and it was there said (Carter v. Hammett, 18 Barb. 608) that:

"Where a person goes into possession as an assignee of a lease, and holds himself out to the landlord as such, he is estopped from denying the assignment, or objecting that the assignment was not in writing. This point was decided, and, I think, correctly, by a former General Term in the same case. 12 Barb. 253."

Applying principles laid down in the cases cited, the plaintiff was clearly entitled to recover of the defendant the compensation for his use and occupation.

The judgment was based upon a correct theory of the law, and should be affirmed, with costs. All concur.