## PRINCE v. SCHLESINGER.

(Supreme Court, Appellate Division, First Department. December 28, 1906.)

1. JUDGMENT—DEFAULT—CONCLUSIVENESS.

Where the affidavit supporting summary proceedings for the disposses-sion of a receiver of an insolvent bank for nonpayment of rent due on a certain day alleged that defendant was appointed receiver, and· entered into possession of the premises, and held over after default, a default judg-ment rendered in such proceedings was conclusive of the facts alleged in the affidavit and of defendant's liability for the rent of the premises ac-cording to the stipulations in the lease to the bank.

2. ESTOPPEL—BY PLEADINGS.

In an action against a receiver for rent, defendant cannot defend on the ground that he was a temporary receiver only, where his answer al-leged that on the day the rent fell due he was permanent receiver.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 19, Estoppel, § 4.]

3. SAME.

In an action against a receiver for rent, defendant cannot urge that former dispossession proceedings against him for nonpayment of rent were void because the Attorney General did not have notice, where in his an-

swer defendant alleged that the proceedings were "duly instituted" and that a precept and warrant were "duly issued" therein.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 19, Estoppel, § 4.]

Ingraham, J., dissenting in part.

Appeal from Trial Term, New York County.

Action by Adolph Prince against Leo Schlesinger, as receiver of the Federal Bank of New York, to recover two installments of rent payable in advance. Judgment for plaintiff for one· of the installments. Plaintiff appeals from the part of the judgment adjudging that he was not entitled to the second installment; and from that part of the judgment adjudging defendant's liability for one installment, defendant appeals. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, Mc-LAUGHLIN, LAUGHLIN, and HOUGHTON, JJ.

Emanuel J. Myers, for plaintiff.
George W. Glaze, for defendant.

HOUGHTON, J. The Federal Bank of New York was a domestic moneyed corporation, and the defendant is its receiver. The action is to recover two installments of rent payable in advance. The plaintiff obtained permission of the court to sue the defendant as receiver, and alleged in his complaint his ownership·of the premises in question, the leasing of them to the Federal Bank of New York by written lease at a stipulated annual rent of $4,000, payable quarterly in advance, beginning the 1st day of March of each year, and that on the 1st day of June, 1904, this defendant was appointed receiver of the lessee bank and of all its property, assets, and effects, and duly qualified as such and entered into possession of the premises so leased to such bank, and occupied the same and failed to pay the rent falling due on the 1st days of June and September, for which amounts judgment is demanded.

The defendant not only admitted the plaintiff's allegation respecting his receivership, but expressly pleaded that in an action brought by the Attorney General, on behalf of the people of the state of New York, against such bank, for a judgment dissolving its corporate rights, privileges, and franchises, he was by order of the court made and entered in such action on the 1st day of June, 1904, appointed receiver of such corporation, its property, and assets, and qualified as such, and became and still is permanent receiver thereof. As a separate defense the defendant further alleged that on the 12th day of September, 1904, by summary proceedings duly instituted by the plaintiff as landlord against the Federal Bank and himself as tenants, a precept was duly issued requiring removal from the premises in question, which was followed on the 23d of September, 1904, by a warrant duly issued directing the removal of such alleged tenants and all others under the lease in question, which proceedings and warrant of removal were founded upon the alleged nonpayment of rent claimed to be due under the lease on the 1st day of September, 1904, and that by virtue thereof the lease terminated and the relation of landlord and tenant, if it ever existed between the plaintiff and the Federal Bank and this defendant, ceased.

The proof showed that summary proceedings were in fact instituted against this defendant as alleged by him, except that the same was

founded upon the nonpayment of rent due June 1, 1904, instead of September 1st, and that judgment thereon was taken by default. The lease was proven, and the nonpayment of the stipulated rent conceded. The trial court held that the judgment in the summary proceedings was conclusive against the defendant as to the nonpayment of rent due on the 1st of September, but that it did not have that effect with respect to the installment due on the 1st of June, and that that installment was a claim against the bank, and not against this defendant.

We think he erred in this respect, and that the judgment in summary proceedings was conclusive against the defendant as to both installments. A judgment taken by default in summary proceedings for nonpayment of rent, until reversed, set aside, or vacated, is conclusive, in an action by the landlord against the tenant to recover the rent, of the facts alleged in the affidavit and which are required by the statute to be alleged as the basis of the proceedings, to wit, the tenancy, the occupation by the tenant, the nonpayment of rent due, and the holding over after default in payment. Brown v. Mayor, 66 N. Y. 385; Reich v. Cochran, 151 N. Y. 122, 126, 45 N. E. 367, 37 L. R. A. 805, 56 Am. St. Rep. 607. Such a judgment, while not conclusive as to the amount of rent due, is conclusive that some rent is due and unpaid. Jarvis v. Driggs, 69 N. Y. 143.

The petition of the plaintiff in his summary proceedings alleged the making of a written lease to the Federal Bank at an annual rental of $4,000, and that $1,000 became due on the 1st day of June, which had not been paid, and that on that day the defendant was appointed receiver of such bank, and entered into possession as such of the leased premises, and held over after default. The precept recited the same facts, and required the defendant to show cause why he should not remove from the premises. If the defendant desired to establish the fact that he was not a tenant of the plaintiff and was not occupying under such lease, or that the bank of which he was receiver had no authority to make the lease, which he now claims is the fact, or that there was no default in payment of rent, he should have appeared and litigated those questions, and not have allowed a judgment which established those facts against him to be entered upon his default.

Brown v. Mayor, supra, was an action against the mayor, aldermen, and commonalty of the city of New York to recover rent of premises occupied by its police commissioners. Summary proceedings had been instituted against the defendant, and judgment of removal taken by default. The defense was that the defendant never was a tenant of the plaintiff. After showing that such a defense was untenable, because of the conclusiveness of the judgment in the summary proceedings, the opinion of Earl, J., concludes as follows:

"It is said that these proceedings can only be instituted against a party in possession or claiming possession of the demised premises. This is undoubtedly so. But here the affidavit shows that the defendants hired and possessed the premises, that the specified amount of rent had become due and that it had been demanded, and that the defendants had not paid the rent or surrendered the possession of the premises. The same facts were recited in the summons served upon the defendant. They are the facts required by the statute to be alleged as the basis of the proceedings, and the defendants by their default admitted them to be true."

The judgment in the summary proceedings, which the defendant permitted to run against him by default, therefore, conclusively established that he was a tenant under the plaintiff, that he had occupied the premises as such, and that some rent was due on the 1st day of June, 1904. While the summary proceedings judgment did not establish the amount of the rent so due, the proof without contradiction established that $1,000 was due on that day; hence the plaintiff was entitled to recover that sum, as well as the $1,000 which became due, by the terms of the lease under which he was occupying, on the 1st day of September following, and while the defendant was still in occupancy.

But it is urged that the defendant is liable, if liable at all, not for such payments as fell due under the lease during his occupancy, but for such time only, measured by the terms of the lease, as he was in actual physical occupation of the premises, which the proof discloses began on the 6th day of June and terminated on the 28th day of September, when the warrant of dispossession was executed. One embarrassment to any proof of defendant's commencing to occupy at any other time then the 1st day of June is the defendant's answer, to which we have called attention, in which he affirmatively alleges that on that day he was appointed and qualified as permanent receiver of all the property and assets of his corporation. The lease from plaintiff was an asset of the corporation, and may or may not have been a valuable one. Whatever it was, however, the title to it passed to the defendant as receiver upon his appointment and qualification on the 1st day of June, 1904; and on that day he stood in the place of his insolvent corporation. He could surrender the lease and vacate the premises, or he could continue to occupy. The judgment in the summary proceedings conclusively establishes that he continued to occupy.

The confusion that has arisen with respect to liability of receivers for rent under leases made by persons or corporations for whom they are appointed, when they occupy the leased premises, has come about from a failure to recognize the distinction between statutory receivers, who take title, and chancery or court receivers, who have no title, and simply act as the arm of the court for the preservation of property over which it is exercising control until some final determination shall be made respecting it. This distinction is pointed out and the cases reviewed by Cullen, J., in Stokes, as Receiver, v. Hoffman House, 167 N. Y. 554, 60 N. E. 667, 53 L. R. A. 870. Chancery receivers, such as those appointed pending the foreclosure of a mortgage or the winding up of a copartnership, are mere officers of the court and take no title to the property which they receive. Keney v. Home Ins. Co., 71 N. Y. 396, 27 Am. Rep. 60. Statutory receivers, however, such as receivers of corporations on dissolution, assignees in bankruptcy, and assignees for the benefit of creditors, take title to the property coming to them as such. Decker v. Gardner, 124 N. Y. 334, 26 N. E. 814, 11 L. R. A. 480; Matter of Otis, 101 N. Y. 580, 585, 5 N. E. 571. The powers and rights of a receiver of a corporation are analogous to those of an assignee of an insolvent debtor. Decker v. Gardner, supra. An assignee for the benefit of creditors, who enters under his assignment into the possession of property leased to his assignor, is liable upon the covenants of the lease during the period of his own occupation, because

of the privity of estate created by such entry.  Walton v. Stafford, 14 App. Div. 310, 43 N. Y. Supp. 1049; affirmed 162 N. Y. 558, 57 N. E. 92; Cameron v. Nash, 41 App. Div. 532, 58 N. Y. Supp. 643.  A receiver of a corporation, by taking possession of and occupying the leased property, incurs a liability to pay the rent according to the terms of the lease, at least as long as he occupies.  Woodruff v. Erie Railway Co., 93 N. Y. 609; People v. Universal Life Ins. Co., 30 Hun, 142. In Stokes v. Hoffman House, supra, the case of Woodruff v. Erie Railway Co. is explained, and it is there pointed out that the receiver in that case was not only appointed in a foreclosure action, but on a sequestration of the corporation as well, which was answer enough to the soundness of the decision.  On the other hand, chancery receivers, having no title, can create no privity of estate by entry, and, if liable at all, are liable only for the period of occupancy.  Stokes v. Hoffman House, supra; Matter of Otis, 101 N. Y. 580, 5 N. E. 571.

There appears in the record proof which would seem to point to the fact that the defendant during the period of his occupancy was a temporary receiver only.  By his answer, however, he says that he was permanent receiver, and by his brief upon this appeal he insists that he was such; and it would seem that according to the provisions of chapter 60, p. 113, Laws 1902, his corporation being a moneyed corporation, he must have been appointed permanent receiver on his first appointment, and, if the court assumed to appoint him a temporary one, such a designation was ineffectual.  The statute above referred to is one to simplify the procedure, facilitate the settlement, and reduce the expenses of receivers on dissolution of moneyed corporations, and it is provided:

"That unless the court otherwise directs the receiver appointed in the first instance shall be permanent receiver of such corporation."

Whatever may be the effect of this statute, however, we have the defendant's own plea and claim that he was on the 1st day of June, 1904, appointed permanent receiver.  He says, too, that he qualified on that day, and the presumption is that he went into possession the day upon which he filed his bond.  Wells v. Higgins, 132 N. Y. 459, 462, 30 N. E. 861.  The law does not divide days, and he therefore went into possession the day the installment of rent was due.  If it is necessary to make any fine distinctions, the court can take judicial notice that the clerk's office, where defendant's bond must have been filed, closed on that day before the landlord had lost his right to demand the rent falling due.  There is little occasion, however, to indulge in presumptions or to draw distinctions, because the judgment in summary proceedings conclusively established that the defendant, as receiver, was tenant on that day, and that he continued to occupy thereafter as such. By entering into such possession he became bound to comply with the terms of the lease, and he is liable to pay the rent according to its stipulations.

It is urged that the summary proceedings were void because the Attorney General did not have notice.  Whether notice to him was a necessity or not, concerning which we express no opinion, the defendant can hardly raise that point in the face of his own allegation that the

proceedings were "duly instituted" and that a precept and warrant were "duly issued" therein.

The judgment must be reversed, and a new trial granted, with costs to the plaintiff appellant to abide the event. All concur except IN-GRAHAM, J., who dissents in part.

INGRAHAM, J. I concur in the reversal of this judgment. I do not concur, however, in the conclusion that the defendant, as receiver, was liable for the whole installment of rent that became due on the 1st of September, 1904. Assuming that a permanent receiver, appointed on the dissolution of a corporation, could elect to accept the lease as a part of the assets of the corporation, and thus become liable under the covenants of the lease, I think that it was at least a question of fact for the jury whether the receiver did elect to adopt this lease. As I understand the record, the only use that the receiver made of this property after he was appointed was to leave some property of the bank in the premises until a demand was made for the premises by the landlord and the receiver was dispossessed in the summary proceedings instituted by him. I cannot see that there was any distinct election to adopt the lease or to treat it as an asset of the bank, in which case the receiver would only be liable for the period that he actually occupied the premises. The adjudication in the summary proceedings related to the possession of the leasehold premises by the receiver. It did not adjudicate that the receiver had become the tenant and was liable under the lease for the rent that became due according to the lease before the final order in that proceeding.

I think that the receiver would be liable for the rent due on the 1st of June, and also for the portion of the quarter commencing on the 1st of September, up to the time he was actually dispossessed, and I do not think he is liable for the whole rent for that quarter.