(136 App. Div. 861.)

### BROOKLYN IMPROVEMENT CO. v. LEWIS.

(Supreme Court, Appellate Division, Second Department.   March 31, 1910.)

1. PLEADING (§ 406*)—SUFFICIENCY OF COMPLAINT—OBJECTIONS WAIVED.
    Where a complaint attempts to state two causes of action against defendant, both as individual and as receiver, if it is not attacked on the ground of misjoinder of causes, and a cause of action is stated against defendant in either capacity, the complaint is sufficient.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1370; Dec. Dig. § 406.*]

2. BANKRUPTCY (§ 255*)—ADMINISTRATION OF ESTATE—ACCEPTANCE OF LEASE BY TRUSTEE.
    The trustee in bankruptcy, who elects under an order of court to continue to occupy the premises under the lease of the bankrupt, is liable for the rent.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 352; Dec. Dig. § 255.*]

3. BANKRUPTCY (§ 115*)—ACTION AGAINST RECEIVER—JURISDICTION.
    A state court has jurisdiction of an action against a receiver in bankruptcy to recover rent under a lease of the bankrupt, which the receiver elected to accept pursuant to an order of the bankruptcy court to vacate or make provision for the rent; such action not being an attempt to enforce an order of the federal court.
    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 115.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. BANKRUPTCY (§ 255*)—ACCEPTANCE BY TRUSTEE OF BANKRUPT'S LEASE—
   PROVISION FOR RENT—WAIVER BY LESSOR.
       Where the court in bankruptcy proceedings ordered the trustee to va-
   cate leased premises or give security for rent, the provision for security
   is for the lessor's benefit and may be waived.
       [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 255.*]

5. BANKRUPTCY (§ 115*)—ACTION AGAINST RECEIVER—SUFFICIENCY OF COM-
   PLAINT.
       Where the complaint against the receiver in bankruptcy for damages
   for failure to give plaintiff, his landlord, security for rent of premises
   occupied by him on electing to retain possession as ordered by the court of
   his appointment, fails to allege that defendant is insolvent or irresponsi-
   ble, or that a judgment against him for the rent would be unavailing, it
   fails to show a cause of action against defendant in his individual ca-
   pacity.
       [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 115.*]

Appeal from Municipal Court, Borough of Brooklyn, Sixth District.
Action by the Brooklyn Improvement Company against Oscar A.
Lewis, individually and as receiver in bankruptcy. Defendant had
judgment sustaining a demurrer to the complaint, and plaintiff appeals.
Reversed in part, and affirmed in part.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS,
BURR, and CARR, JJ.

Raymond Ballantyne, for appellant.
Charles A. Houston (Edwin M. Otterbourg, on the brief), for re-
spondent.

BURR, J. The complaint attempts to state two causes of action,
and defendant is sued both individually and in his representative
capacity. It is not attacked upon the ground that causes of action have
been improperly united. If, therefore, it states a cause of action
against the defendant in either capacity, the demurrer should have been
overruled.

In the first cause of action the complaint alleges the ownership by
plaintiff of a piece of real property in the borough of Brooklyn, which
it describes; that the same was leased to the Bracken-McAveney Com-
pany, by a written lease to commence on the 1st day of December,
1905, and to continue for a term of five years, at a yearly rental of
$2,400, payable in monthly installments of $200 each in advance, on
the 1st day of each and every month during the said term; that on the
5th of November, 1908, in a proceeding then pending in the United
States District Court for the Eastern District of New York, entitled "In
the Matter of the Bracken-McAveney Company, Incorporated, Alleged
Bankrupt," an order was duly made, whereby the defendant was ap-
pointed receiver of all the property of the said company, with the usual
powers and authority of a temporary receiver in bankruptcy; that on
the same day he duly qualified as such receiver, and filed his official
bond, and entered into possession of all the property of the said com-
pany, including the premises thereinbefore described and the lease-
hold interest of the said company therein. By the same order plaintiff
was enjoined and restrained from molesting or interfering with the

temporary receiver in the discharge of his duties, or otherwise interfering with the property, assets, books, and effects of the said alleged bankrupt. On the 25th day of November, 1908, upon the application of plaintiff herein, an order was made requiring defendant to show cause why he should not vacate and surrender possession of the premises, or, in the alternative, give security to plaintiff for payment for his use and occupation thereof, and such proceedings were thereupon had that on the 5th day of December, 1908, the said United States District Court, by its order, required the defendant, before December 8th, to make an election either to vacate and turn the aforesaid premises and the lease thereof back to the plaintiff, or, in the alternative, if he elected to retain possession of the premises, to give security to the landlord for the payment of the rent of the premises from November 5, 1908, the date of his occupation, to such time as he or his successor shall quit and surrender the same. The order further provided that, if defendant elected to vacate the premises, the restraining order theretofore made should be so far modified as to permit plaintiff to take the necessary proceedings to recover possession thereof from the alleged bankrupt. Thereafter, on the 8th day of December, defendant elected to retain possession of the premises and so notified plaintiff, and he did retain possession of and actually occupied the same to the 14th of December in the same year. The complaint further alleges that no part of the rent for the months of November and December, 1908, has been paid.

Defendant contends, first, that plaintiff cannot maintain an action against him for use and occupation of the premises, since it affirmatively appears that a lease was in full force and effect during the period of his occupancy. Walton v. Stafford, 162 N. Y. 558, 57 N. E. 92. He further contends that in his official capacity he was a mere officer of the court, charged with the preservation of the property over which it exercised control until some final determination should be made respecting it; that the position which he occupied was similar to that of a chancery or court receiver in the state court, as distinguished from a statutory receiver therein; and that as such chancery or court receiver the defendant took no title to the lease, and did not become an assignee thereof. Stokes v. Hoffman House, 167 N. Y. 554, 60 N. E. 667, 53 L. R. A. 870; Prince v. Schlesinger, 116 App. Div. 500, 101 N. Y. Supp. 1031; Keeney v. Home Ins. Co., 71 N. Y. 396, 27 Am. Rep. 60; Decker v. Gardner, 124 N. Y. 334, 26 N. E. 814, 11 L. R. A. 480; In re Otis, 101 N. Y. 580, 5 N. E. 571.

Even if this were so, we think that defendant, by his own action, made himself personally liable for the payment of such rent as accrued under the terms of the lease between the 5th day of November, 1908, and the 18th day of December in the same year. If he had gone into occupation of the demised premises as an individual on the said 5th day of November, and in the early part of December, after the rent both for November and December had become due, had stated to plaintiff in response to a demand for either rent or possession, "If you will permit me to remain in occupation of these premises, I will agree to pay the rent from the time that I took the occupation thereof until

such time as I shall surrender the same," and plaintiff, relying upon that, had permitted him to remain, this would have amounted to an original undertaking upon his part to pay the rent during that period. Hegeman v. Moon, 131 N. Y. 462, 30 N. E. 487; Hardt v. Recknagel, 62 App. Div. 106–110, 70 N. Y. Supp. 782. In effect that was substantially what was done through the medium of the orders of the United States court in bankruptcy which appointed him, and his own voluntary act. The same court which put him in possession of the premises on the 5th of November restrained the plaintiff from taking any proceedings against the bankrupt which would interfere with his possession and occupation thereof. When plaintiff applied, in the early part of December, to be relieved from that injunction order, the court in effect said to defendant, "Unless you elect to retain possession of the premises, the relief asked for by plaintiff herein will be granted." Defendant thereupon did elect to retain possession thereof, and deprived plaintiff of the remedy which otherwise it would have had to recover the same. That this is a fair and reasonable construction of the order is evidenced not only from its language, but from the conduct of the defendant subsequent thereto. He was required to elect either to vacate and turn the aforesaid premises and the lease thereof back to the lessee, or to retain possession of the same. That the court did not intend that he should retain possession of the premises without becoming liable to pay the rent thereof is manifest from the provision in the order that if he did elect to retain possession he should give security to the landlord for the payment of such rent. Where an order is couched in such language that a person intervening in judicial proceedings has a right to rely upon it and expect the payment of his rent until some other order is made, there would be strong reasons for saying that the receiver appointed in such proceedings would be obligated to pay this rent as it matured. United States Trust Co. v. Wabash Railway, 150 U. S. 287, 14 Sup. Ct. 86, 37 L. Ed. 1085, citing Central Trust Co. v. Wabash, etc., Railway (C. C.) 34 Fed. 259.

There is no force in the contention of defendant that this is an attempt to enforce an order of the United States District Court, and that the only remedy for a violation of its provisions is by a proceeding in that court to punish its officer for contempt. The foundation of defendant's liability in this case is not alone the order of the court, but his own voluntary action taken in pursuance of its provisions, by virtue of which he obtained the benefit of it. As a part of the same cause of action, reference was made to certain provisions of the lease relative to the payment of taxes. It seems to us unnecessary to consider the effect of these allegations, for the reason that, if these taxes did become due as part of the rent reserved under the lease, no part of 'it became due within the period during which defendant was in occupation of the premises or during the period for which he made himself liable to pay the rent thereof. It follows, therefore, that the demurrer to the first cause of action set up in the complaint was improperly sustained.

The second cause of action, after reciting all the allegations contained in the first cause of action, further alleges that defendant failed

and neglected to give the security for payment of the rent as required by said order, and that as a result of such failure plaintiff has not been paid and is unable to collect the said rent. The provision in the said order with regard to giving security was solely for the benefit of plaintiff, and might be waived by it if it so desired. It had nothing to do with the liability of the defendant caused by his own voluntary act. There is no allegation in this part of the complaint that defendant is insolvent or irresponsible, or that a judgment upon the first cause of action for the rent due from him will be unavailing. It does not appear, therefore, that any injury has resulted to plaintiff by reason of the failure to give the bond required by the order of the United States District Court, and the demurrer to the second cause of action was therefore properly sustained.

The judgment entered in this action should be modified so as to provide as follows: So much of the judgment as sustains the demurrer to the first cause of action is reversed, and the demurrer is overruled; so much of the judgment as sustains the demurrer to the second cause of action is affirmed. Neither party to have costs against the other. All concur.