### KAYE v. STERN.

#### (City Court of New York, Trial Term. June 6, 1913.)

1. ASSIGNMENTS FOR BENEFIT OF CREDITORS (§ 235*)—CONTRACT OF ASSIGNEE—CONSIDERATION.

    The use and occupancy by the assignee for the benefit of creditors of premises leased the assignor is sufficient consideration for the assignee's personal promise to the landlord to pay the rent so long as he remained in possession.

    [Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. §§ 762–764; Dec. Dig. § 235.*]

2. ASSIGNMENTS FOR BENEFIT OF CREDITORS (§ 235*)—CONTRACTS—PERSONAL LIABILITY.

    The assignee for the benefit of creditors having continued to occupy premises leased to the lessor, and more than a month after qualifying having, on demand by the lessor for rent, promised that as long as he remained in the premises he would pay the rent at one time, this amounted to an original undertaking, making him personally liable for the rent for the period of his occupancy.

    [Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. §§ 762–764; Dec. Dig. § 235.*]

3. ASSIGNMENTS FOR BENEFIT OF CREDITORS (§ 235*)—EXPENSES OF ADMINISTRATION.

    The claim for rent during the time that the assignee for benefit of creditors continues to occupy premises leased to the assignor is to be paid in full as a necessary expense.

    [Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. §§ 762–764; Dec. Dig. § 235.*]

Action by Charles Kaye against Emil Stern. Verdict for plaintiff. Defendant moves for new trial. Motion denied.

Benj. M. Kaye, of New York City, for plaintiff.
Moos, Prince & Nathan, of New York City, for defendant.

FINELITE, J. In this action the jury awarded a verdict in favor of the plaintiff for the sum of $591.91, inclusive of interest. Thereupon the defendant immediately moved to set aside the verdict on all the grounds stated in section 999 of the Code of Civil Procedure, and upon the further ground that the defendant, if liable at all, was liable only in his representative capacity, and not as an individual.

It was admitted on the trial herein that the defendant became the assignee for the benefit of the creditors of the property of Markheim & Co., who were successors to the firm of Bondy, Markheim & Co.; that he became such assignee on April 28, 1913; that he duly qualified as such assignee; that from April 28, 1913, down to the latter part of

June, 1913, he occupied the premises covered by a lease executed between his assignors and the landlord of the said premises; that the rent was demanded from him by the plaintiff herein through his representative on or about May, 1913, and that a further demand was made upon him in the latter part of June, 1913; that, as appears from the evidence herein, the defendant promised that he would pay the same; that he could not very well remove the property at the present time, but that as long as he remained in the premises he would pay the rent at one time. Thereupon the plaintiff did not disturb the defendant in his use and occupation of said premises. The jury found a verdict in favor of .the plaintiff upon the facts adduced, that said defendant was liable personally for said rent for the use and occupation of the premises from May 1, 1913, to the latter part of June, 1913, inclusive.

[1] The defendant contends that, notwithstanding the plaintiff's claim that he (the defendant) personally promised to pay the rent, it will not avail him in the present case, for the reason that, inasmuch as the defendant took possession of the premises in his representative capacity, he could not at that same time occupy the same individually, and therefore, even if it be conceded for the sake of argument, as claimed by the plaintiff herein, that the defendant did personally promise to pay the rent, still such promise would be without any consideration, and that it needs no argument to show, as the courts have held in many cases, that a promise without consideration is void and of no force or effect. Taking up the defendant's argument from this point of view, the defendant must not lose sight of the fact that the use and occupation of the premises was a sufficient consideration. Therefore the defendant's point in this respect is not well taken.

[2] Defendant further contends that in his official capacity he was merely the agent of the lessees of said premises; that he, being merely the assignee for the benefit of creditors under and pursuant to a certain lease covering said premises, was merely charged with the preservation of the property over which he exercised control until some final determination should be made concerning it; that the position which he occupied was merely as an assignee in a representative capacity, which for argument's sake is tantamount to a receiver appointed by the court for the benefit of creditors for the preservation of the property of a judgment debtor; and that therefore, acting in that capacity, he did not take any title to the lease and did not become an assignee thereof. Stokes v. Hoffman House, 167 N. Y. 554, 60 N. E. 667, 53 L. R. A. 870; Prince v. Schlesinger, 116 App. Div. 500, 101 N. Y. Supp. 1031; Keeney v. Home Insurance, 71 N. Y. 396, 27 Am. Rep. 60; Decker v. Gardiner, 124 N. Y.'334, 26 N. E. 814, 11 L. R. A. 480; Matter of Otis, 101 N. Y. 580, 5 N. E. 571; Walton v. Stafford, 162 N. Y. 558, 57 N. E. 92. Even if this were so, the defendant by his own promise made himself personally liable for the payment of such rent as accrued ·under the terms of the lease for the respective months aforesaid. If he went into occupation of the premises as an individual on or about May 1, 1913, and occupied the same, and the rent having been demanded in June, when he was still occupying the premises, and it having been re-demanded of him after the rent for both of the months had become

due, and if he stated to the plaintiff, in response to the demand for either the rent or the possession of the premises, "I will pay you for the rent, but I would rather pay the same all at one time," and if the plaintiff, relying on that promise, permitted him to remain therein, it amounts to original undertaking on his part to pay the rent for that period. Hegeman v. Moon, 131 N. Y. 462, 30 N. E. 487; Hardt v. Recknagel, 62 App. Div. 106–110, 70 N. Y. Supp. 782. This is substantially what the defendant has done. It goes without saying that as such assignee he would have the right to remain in occupancy of the premises for a short period of time for the purpose of removing the assignor's property therefrom. But where he remains in the premises for a period of time, and gives to the plaintiff assurance that he would pay said rent for the period of time that he would remain in occupation of the premises, the law presumes that the landlord would be paid his rent. Brooklyn Improvement Co. v. Lewis, 136 App. Div. 861, 863, 864, 122 N. Y. Supp. 111.

[3] Defendant further contends that, if the only liability attaching to him would be as such assignee, said plaintiff would be entitled to participate in the proceeds of the sale of the property the same as any other creditor, or in other words, that he would only be entitled to receive his pro rata share of the assets. In that case the rent would not be a claim to be paid pro rata with the debts of the assignor's property. It would be like his other necessary expenses and chargeable against the fund. If he had chosen to abandon the possession of the property at once, he could probably have escaped liability for the rent accruing; but as he chose to enjoy the possession thereof he was bound to pay rent, which was a consideration therefor. See People v. Universal Life Ins. Co., 30 Hun, 142. The defendant as such assignee would have been justified in paying the rent of the premises occupied by him as such assignee out of the funds then in his hands belonging to the estate, as such acts of an assignee have been held proper, and retention of possession for the length of time hereinabove stated indicates and constitutes an election. Mead v. Hadden, 85 App. Div. 10, 82 N. Y. Supp. 900; Cameron v. Nash, 41 App. Div. 532, 58 N. Y. Supp. 643.

The court is mindful of and has examined the case of Man v. Katz, 40 Misc. Rep. 645, 83 N. Y. Supp. 94, and has read with care Walton v. Stafford, 14 App. Div. 310, 43 N. Y. Supp. 1049, affirmed 162 N. Y. 558, 57 N. E. 92; but those cases are not decisive of the question raised upon the trial herein. The jury having heard the evidence and taken into consideration the promise made by the defendant as to his election and promise to pay the rent for the period of time which the premises were occupied by him, and having found that the defendant promised to pay the rent in his individual and not in his representative capacity, the verdict so rendered should not be disturbed by the court.

The motion for a new trial is therefore denied. Settle order on one day's notice.