KNITCRAFT, INC., Plaintiff, v. BERNARD M. BAILEY, Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District, February 27, 1925.

**Bankruptcy — receiver — action by landlord to recover rental value of premises from defendant, as receiver in bankruptcy, in individual capacity — receiver continued under bankrupt's lease to occupy premises for storage of bankrupt's property pending sale — receiver acted within scope of powers in preservation of bankrupt's property and is not personally liable for rent of premises.**

A receiver in bankruptcy, acting within the scope of his authority and powers, is not personally liable upon his contracts unless he contracts to bind himself.

Accordingly, the defendant, a receiver in bankruptcy, is not liable in his individual capacity, in an action to recover the rental value of premises continued to be occupied by him, after the tenant became bankrupt, for the storage of the bankrupt's chattels until the sale thereof was had, where it appears that said receiver did not conduct any business on the premises and only occupied them for a period of approximately five weeks with a view to preserving the bankrupt's property which was of a bulky character.

ACTION by landlord to recover reasonable rental value of premises from the defendant, receiver in bankruptcy, in his individual capacity.

*Coleman, Stern & Ellenwood* [*Frank J. Coleman, Jr.*, of counsel], for the plaintiff.

*Bernard M. Bailey*, defendant in person.

LAUER, J.:

This case came to me for decision upon a submission made upon the record before Mr. Justice CHILVERS, one of my associates.

The matter was determined by Mr. Justice CHILVERS in favor of the defendant, but apparently the decision was rendered after his time to do so had expired. The matter by agreement is now resubmitted to me for decision. After a careful consideration of the briefs of counsel, I find myself in accord with the decision reached by my associate.

From the record it appears without dispute that the defendant was a receiver in bankruptcy, duly appointed and qualified, of Lomar Looms, Inc., a tenant of the premises No. 220 West Nineteenth street under a lease which is in evidence. The receiver went into possession on the 10th day of March, 1924, and continued in occupancy of the premises until after the sale of the bankrupt's property on April 17, 1924.

This action is brought by the plaintiff, the landlord of the premises in question, to recover the reasonable rental value of the premises from the defendant in his individual capacity because of his occu-

pancy of the premises. It also is admitted that the receiver did not conduct business on the premises and that the only use of the premises was the storage of the bankrupt's chattels thereon until the conclusion of the sale. This property consisted of about twenty-five looms for hand weaving, varying in size from three feet to ten feet in height and from three feet to ten feet in width, constructed of wood, and in order to be removed, some of them to some extent would have to be taken apart. The order appointing the receiver is in the usual printed form and empowered the receiver to take possession of all the property of the bankrupt, and authorized the receiver to take all necessary steps to keep and preserve the said property until further order of the court.

I am referred to no authority which directly covers the facts of the present case. The rule of law seems to be that ordinarily a receiver in bankruptcy, acting within his powers, is not personally liable upon his contracts but if he contracts to bind himself or if he acts beyond his powers, he may be liable individually. (*Matter of Kalb & Berger Mfg. Co.*, 165 Fed. 895; 5 Remington Bankruptcy [3d ed.], § 2333.)

An action will lie against a receiver in bankruptcy in the State court for rent of premises in a case where he has made himself personally liable therefor. (*Bklyn. Imp. Co.* v. *Lewis*, 136 App. Div. 861; 5 Remington Bankruptcy [3d ed.], § 2333.)

It was stated by Judge NOYES in *Matter of Kalb & Berger Mfg. Co.* (*supra*), " it may be that in this case, the receiver acted within the scope of his authority and was not personally liable."

If, therefore, this defendant as receiver acted within the scope of his authority, it would seem that he would not be personally liable.

It would seem, however, in the light of the stipulations entered into that the occupancy of the premises for a period of approximately five weeks was not beyond the powers conferred upon the receiver but that it was within the scope of his proper duties for the preservation of the bankrupt's property. It may be that had the possession been unreasonably prolonged, the receiver would not have been justified in using expensive premises for the mere storage of the bankrupt's property. These facts do not appear in the present case. The facts do not show that the occupancy of the alleged bankrupt was for an unreasonable length of time. I cannot assume that it was, particularly in view of the bulky character of the property of the bankrupt which the receiver was under the duty of preserving.

I conclude, therefore, that no personal liability on the part of the defendant has been shown. Judgment is accordingly given for the defendant.