PETER PAUL, Plaintiff, *v.* HENRY DUKE, Defendant.

Municipal Court of New York, Borough of Manhattan, Second District, March 17, 1926.

Assignments for benefit of creditors — action by landlord to recover rent from assignee for benefit of creditors of plaintiff's tenant — evidence shows defendant made no promise to be personally liable for rent for time he occupied premises as assignee — complaint dismissed.

Defendant, assignee for the benefit of creditors of plaintiff's tenant, is not liable to said plaintiff for the rent of premises occupied by said assignee, notwithstanding the fact that defendant took possession on December fifth, under a lease under which the rent for the month was due on the first thereof, for the reason that there was no direct promise on defendant's part to be personally liable for the rent for the time he occupied the premises as assignee; the plaintiff is not in a better position with relation to the estate assigned to the assignee than any other creditor.

ACTION by landlord to recover rent from assignee for benefit of creditors of tenant.

*Carlyle Finkelstein,* for the plaintiff.

*Stephen A. Machinsky,* for the defendant.

PANKEN, J. The defendant in this case is assignee for the benefit of creditors of Joseph Liebowitz. Liebowitz, the assignor, was in possession of the premises Nos. 239–241 Grand street, borough of Manhattan, city of New York, under the lease in evidence. The defendant herein took possession of the premises on the 5th day of December, 1925. From a reading of the agreed state of facts and the lease in evidence, the rent for the month of December, 1925, was due on the first of December.

The defendant herein made no promise to pay the rent for the premises for the time he occupied the same as assignee.

The plaintiff in this case was a creditor to the extent of the monthly rent due him for the month of December. The rent accrued on the first of December, and the defendant herein was an assignee for his benefit as much as he was for the benefit of the other creditors. In the absence of a direct promise on the part of the assignee to be personally liable for the rent during the time he occupied the premises, he cannot be held. The assignee for the benefit of creditors is liable under the lease to the plaintiff herein. The plaintiff, however, is not in a better position with relation to the estate assigned to the assignee than any other creditor.

It has been said in the case of *Prince* v. *Schlesinger* (116 App.

Div. 500): " An assignee for the benefit of creditors who enters under his assignment into the possession of property leased to his assignor is liable upon the covenants of the lease during the period of his occupation because of the privity of estate created by such entry."

The defendant in this case had surrendered the premises on the twenty-fifth of December, during the month for which the rent accrued prior to the assignment made to him.

It follows, therefore, that the defendant is entitled to judgment dismissing the plaintiff's complaint.