48 VESEY STREET CORPORATION, Plaintiff, v. ABRAHAM STRAUSS, Defendant.*

Municipal Court of New York, Borough of Manhattan, Third District, June 10, 1932.

*M. S. & I. S. Isaacs* [*Charles Platt, Jr.*, of counsel], for the plaintiff.

*Joseph Dannenberg* [*A. Rosenthal* of counsel], for the defendant.

PRINCE, J. This is an action against the assignee for the benefit of creditors of the Coral Coat Company. It was stipulated that the defendant used and occupied the premises from September 24, 1931, to and including October 13, 1931. The premises had been leased by the plaintiff to the Coral Coat Company for a term commencing prior to September 24, 1931, and terminating after October 13, 1931. This action is brought to recover for the use and occupation of the premises during the period when defendant was in possession as assignee.

It is contended by the defendant that if any liability was incurred by his occupation of the premises, such liability is not chargeable

* Affd., Appellate Term, First Department, January, 1933.

against him personally, but that since he entered as assignee for the benefit of creditors, the claim of the plaintiff must be asserted against the estate. I cannot agree with defendant's contention.

An assignee for the benefit of creditors is a trustee and is personally liable for contracts made by him after the assumption of his representative capacity, in the same manner as are executors and administrators. (See *Matter of Donaldson*, 27 Misc. 745; *Austin* v. *Munro*, 47 N. Y. 360; *Ferrin* v. *Myrick*, 41 id. 315; *Mead* v. *Madden*, 85 App. Div. 10; *Kaye* v. *Stern*, 144 N. Y. Supp. 160.)

" The action of use and occupation is a variety of assumpsit, to be maintained by a landlord against one who has had the enjoyment of an estate, under a contract to pay therefor, express or implied, but not under such a lease as would support an action specifically for rent." (39 Cyc. 850.)

" It is well settled that there can be no recovery for use and occupation unless it is shown that the conventional relation of landlord and tenant existed between the parties. There must be an agreement, express or implied, to pay rent. (*Lamb* v. *Lamb*, 146 N. Y. 317; *Preston* v. *Hawley*, 139 id. 296; *Schaefer* v. *Ropes*, 113 Misc. 654.) But an express contract at the time of entry is not necessary, for where the relation of landlord and tenant exists and the occupancy has been beneficial to defendant, the law implies a promise to pay." (See *Thackray* v. *Ritz*, 130 Misc. 403.)

There can be no doubt in this case that the relationship of landlord and tenant existed. The defendant went into possession of the premises and the landlord by this action elects to hold this defendant as the tenant from the time defendant entered into possession. I find as a matter of fact that the oral agreement alleged in the complaint and as to which testimony was adduced was not established at the trial. The decision is based solely on the authorities, which hold that there is an implied contract to pay for the use and occupation by the defendant arising out of the beneficial enjoyment by him of the premises.

Plaintiff is entitled to judgment against the defendant for the reasonable value of the use and occupation of the premises during the period, which I find to be the sum of $270.