WILLIAM A. COIT, Respondent, *v.* LOUIS PLANER et al., Appellants.

(Argued September 19, 1872; decided January term, 1873.)

THIS action was brought to recover for the use and occupation of the upper story of certain premises in New York.

The complaint alleged, in substance, that in December, 1864, defendant Planer and one Kayser were tenants in common and in possession of certain premises belonging to plaintiff, and agreed that if plaintiff would erect an additional story they would pay a rent of $150 per annum therefor; that plaintiff did so. No written lease was made; but Planer and Kayser entered into possession, and, on the first of February, 1866, assigned and transferred to the defendants all their interest in the whole premises; that defendants entered and have since used and occupied; that plaintiff notified defendants that if they continued to use and occupy the additional story after May 1st, 1866, the rent would be $400. Defendants' answer simply denied the assignment and transfer. No evidence was offered upon the trial. Defendants moved to dismiss the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, which motion was denied. Plaintiff then moved for judgment upon the pleadings, which was granted. *Held*, no error; that, as to the rent accruing after May 1st, 1866, the law would imply, from the fact of occupancy (alleged and admitted), that defendants submitted to the terms imposed; that, under the statute in reference to leases in New York, the prior lease must be held to have terminated on the first of May (1 R. S., § 745); that, although defendants' answer denies an assignment of the lease (and it was necessary to prove it, to enable him to recover of defendants the rent up to May 1st, 1866), yet, as this could be proved by showing possession from the original lessees, and occupancy for the residue of the term, from which an assignment would be inferred, and as these facts were alleged in the complaint and admitted in the answer, sufficient was admitted to entitle plaintiff to recover; that, under the denial in the answer, defendants could have rebutted this inference, and, if they had desired so to do, they should have offered the proof or asked permission to introduce it.

*A. C. Morris* for the appellants.

*John J. Macklin* for the respondent.

EARL, C., reads for affirmance.

All concur.

Judgment affirmed.