(53 Misc. Rep. 92)

UNITED MERCHANTS' REALTY & IMPROVEMENT CO. v. ROTH.

(Supreme Court, Special Term, New York County. February, 1907.)

LANDLORD AND TENANT—ASSIGNMENT BY LANDLORD—RIGHTS OF ASSIGNEE.
    Where a landlord assigns his lease, with his right to the control, occupancy, and possession of the premises for more than four years beyond

the expiration of the term, and the tenant holds over, the assignee may elect to treat the holding over as a tenancy for another year.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 129–134, 378–381.]

Action by the United Merchants' Realty & Improvement Company against Max J. Roth. Demurrer to the complaint overruled.

Solomon M. Stroock, for plaintiff.

Mullan, Cobb & Mitchel, for defendant.

O'GORMAN, J. Defendant was a lessee under a lease from one Gerken, the owner of the premises in question, which expired on May 1, 1906. Subsequent to the execution of the lease, Gerken duly assigned to the plaintiff, from and after May 1, 1906, the said lease and all of his rights thereunder, together with the owner's right to the control, occupancy, and possession of the premises for a period of five years beginning May 1, 1906. The defendant refused to vacate the premises upon the expiration of the lease, although requested so to do by the plaintiff, who thereupon elected to hold the defendant as a tenant for another year. In this action the plaintiff sues to recover rent for the months of May, June, July, August, and September. The first five causes of action are for the five months' rent, upon the theory of an implied renewal of the lease in consequence of defendant's holding over. Causes of action numbered 6 to 10 rest upon an implied contract, based upon the averment that plaintiff duly notified the defendant that his failure to surrender possession of the premises upon the termination of the demised term would be treated as an agreement to continue as a tenant for another year, and that the defendant by holding over thereby assented to the condition imposed by the plaintiff. The defendant demurs upon the ground that the facts stated do not constitute a cause of action. He claims that the relation of landlord and tenant did not exist between him and the plaintiff, and that the doctrine invoked by the plaintiff is inapplicable.

The words "landlord" and "tenant" signify, not only the immediate parties to a lease, but also their respective successors in interest. Formerly there was no privity of contract between the assignee of a lease and the tenant until the tenant attorned. Fowler's Real Prop. Law (2d Ed.) 620. But attornment by the tenant is no longer necessary. Real Prop. Law, Laws 1896, p. 588, c. 547, § 193. That section is entitled "Rights Where Property or Lease is Transferred," and provides that:

"The grantee of leased real property or the assignee of the lessor of such a lease has the same remedies by entry, action or otherwise for the nonperformance of any agreement contained in the assigned lease for the recovery of rent, for the doing of any waste, or for other cause of forfeiture as his grantor or lessor had or would have had if the reversion had remained in him."

The design of the statute is to afford to the grantee of the fee or assignee of a lease all the rights of the original lessor. Van Rensselaer v. Ball, 19 N. Y. 104. The section also provides that the lessee or his assignee has the same remedy against the lessor, his grantee or assignee, for a breach under the lease, that the lessee might have had

against his immediate lessor. The assignment of the lease, together with all the owner's rights to the control and possession of the premises, for the ensuing period of five years, established the relation·of landlord and tenant as between the assignee and the tenant before the expiration of the defendant's term. If the plaintiff were a grantee of the premises, it will hardly be disputed that he would become the landlord upon the execution and delivery of the deed. Earle v. McGoldrick, 15 Misc. Rep. 136, 36 N. Y. Supp. 803. Under the statute, the assignee of the lessor becomes entitled to precisely the same rights, and the relation of landlord and tenant is as effectually established. As the plaintiff, therefore, became the landlord under whom the defendant held the demised premises, the defendant could not dispute his title. All the incidents of the relation of landlord and tenant at once attached, and among these is the universally recognized right of a landlord, at his election, to treat a hold-over tenant as a tenant for another year. Schuyler v. Smith, 51 N. Y. 309, 10 Am. Rep. 609; Moffatt v. Smith, 4 N. Y. 128; Despard v. Walbridge, 15 N. Y. 374; Preston v. Hawley, 139 N. Y. 298, 34 N. E. 906; Coit v. Planer, 7 Rob. 416, affirmed 51 N. Y. 647 (for opinion of Earl, J., see Abb. Sel. Cas. Pl. 133).

Despard v. Walbridge is quite similar in principle to the case at bar. There the assignee of the lessor notified the lessee, not only that he would be held for another year if he continued in possession beyond the demised term, but that the renewal would be at an increased rent. Selden, J., in sustaining a judgment for the plaintiff, said:

"It is insisted that the referee was wrong in overruling the motion for a nonsuit, for the reason that no privity of contract between the parties was shown, but a privity of estate only. Had the defendant gone into possession as a trespasser, this position might be correct. But he was in as a subtenant under the Sherwood lease. The plaintiff, being the owner of the residue of the term created by that lease (as for the purposes of this question we must assume), gives notice of his rights to the defendant, and states the terms on which the expired lease of the latter may be renewed. Here is something more than a mere privity of estate, viz., a direct proposition from the owner of the reversion to the tenant in possession for a renewal of his lease, and this proposition is met by a continued occupation without other reply. This, I think, laid the foundation for an implied contract. It was in law a virtual assent to the terms prescribed in the notice. The referee was right, therefore, in overruling the motion for a nonsuit."

Smith v. Maxfield, 9 Misc. Rep. 42, 29 N. Y. Supp. 63, and Goldberg v. Mittler, 23 Misc. Rep. 117, 50 N. Y. Supp. 733, holding that a landlord will not be permitted to claim a renewal lease where the premises have been leased to a third party, are inapplicable. They proceed upon the theory that, by leasing to a new tenant, the landlord manifests an intention not to hold his old tenant for a renewal period. But in this case Gerken was not defendant's landlord when the lease expired. By virtue of the statute the plaintiff occupied that relation. If the plaintiff had leased to a third party, then the cases cited would apply. All the causes of action are well pleaded within the authorities cited.

Demurrer overruled, with costs.