WILLIAM J. JOHNSON, d. b. a., *vs.* SUSANNA HIBBERT, p. b. r.

1. Use and Occupation—Rent—Assumpsit.

Plaintiff, to recover under the statute providing that satisfaction for the use and occupation of land by permission without demise by deed or contract under seal for the rent, may be recovered in assumpsit, must show the relation

of landlord and tenant and an agreement to pay rent, express or implied; but the tenancy by permission may be shown, without a demise by deed or contract under seal to pay rent.

2.　TRIAL—CONFLICTING TESTIMONY—QUESTION FOR JURY.

Where the jury cannot reconcile conflicting testimony, they must accept that part which they deem worthy of credit.

(*November* 15, 1911.)

Judges BOYCE and RICE sitting.

*Lilburne Chandler* for appellant.

*Philip L. Garrett* for respondent.

Superior Court, New Castle County, November Term, 1911.

ACTION OF ASSUMPSIT (No. 115, September Term, 1911) for use and occupation, it being an APPEAL from a judgment rendered by a justice of the peace.

BOYCE, J., charging the jury:

Gentlemen of the jury:—This is an appeal from a judgment rendered by a justice of the peace in an action of assumpsit brought before him by Susanna Hibbert against William J. Johnson for the use and occupation of a certain lot, situate in this city, from September 25, 1908, to May 25, 1910, at one dollar per month, the aggregate amount claimed being twenty dollars.

[1]　Under our act of assembly in relation to landlord and tenant, it is provided that satisfaction for the use and occupation of lands, tenements, or hereditaments by permission of a person, without demise by deed or contract under seal for the rent, may be recovered in an action on the case upon assumpsit.

The plaintiff, to be entitled to a recovery, must show that the relation of landlord and tenant existed between her and the defendant, and that there was an agreement to pay rent, either express, or implied. In cases of this kind a holding or tenancy by permission may be shown without showing a demise by deed or contract under seal to pay rent.

If you find from the evidence that such a holding or tenancy has been shown for the period claimed or any less number of months and that the defendant was to pay one dollar per month

for his use and occupation, your verdict should be accordingly; otherwise your verdict should be for the defendant.

[2]   We will say to you, as is often stated in cases of this kind, where there is conflict of testimony, it is the duty of the jury to reconcile the conflict if they can; if they cannot, then it is their duty to accept that part of the testimony which they deem to be worthy of credit and to reject that part if any, which they deem unworthy of credit.

Verdict for plaintiff.