Ethel E. Schaefer, Plaintiff, *v.* Caroline W. Ropes, Defendant.

(Municipal Court of the City of New York, Borough of Manhattan, Fifth District, December, 1920.)

Bill of particulars — when must be filed — use and occupation — lease — statutes — when motion for dismissal of complaint granted — Laws of 1920, chap. 944, § 2.

> Where in an action to recover the reasonable value of the use and occupation by defendant of an apartment in the city of New York, after the expiration of his term under a prior written lease, the answer puts in issue the reasonableness of the rent, the plaintiff must file a bill of particulars as required by section 2 of chapter 944 of the Laws of 1920, and for failure so to do, a motion for the dismissal of the complaint will be granted.
>
> The courts, as an aid to the proper construction of statutes, may resort to legislative reports.

Motion to dismiss complaint.

G. H. Brevillier, for plaintiff.

William Kaufman, for defendant.

Spiegelberg, J.   This is a motion to dismiss the complaint upon the plaintiff's failure to file a bill of particulars as required by section 2 of chapter 944 of the Laws of 1920.   The action is for the recovery of the reasonable value of the use and occupation by the defendant of an apartment after the expiration of her term under a prior written lease.   The plaintiff claims that the statutory obligation to file a bill of particulars is limited to actions where the rent is fixed by agreement of the parties.   I do not agree with this contention.   In my opinion the bill of particulars is required in every case where the answer raises the question of the reasonableness of rent, although it

must be admitted that a cursory reading of the statute lends support to the plaintiff's claim. Section 2 provides for the filing of the bill of particulars "where the answer contains the defense mentioned in section 1 of this act." The pertinent part of section 1 reads: " * * * it shall be a defense to an action for rent accruing under an agreement for premises * * * occupied for dwelling purposes that such rent is unjust and unreasonable and that the agreement under which the same is sought to be recovered is oppressive." The defense given by the statute is maintainable in an " action for rent accruing under an agreement for premises." There is nothing in this language which limits the defense to an action upon a fixed rent agreed upon by the parties. The term " rent " does not necessarily involve a contractual obligation. In 3 Bouvier's Law Dictionary, at page 2880, rent is defined: " A return or compensation for the possession of some corporeal inheritance. A certain profit, either in money, provisions, or labor, issuing out of lands and tenements, in return for their use."

And in 24 Cyc. 1137, it is stated: " By common usage the word ' rent ' may include the compensation to be paid for the occupation of land by a tenant, whether he holds under a written lease or at will or at sufferance, and whether the amount to be paid has been defined by the agreement of the parties, or has been left indefinite."

It is also apparent that the occupancy of the defendant is " under an agreement for premises." She is neither an intruder nor a squatter; she acquired possession with the consent of the plaintiff. The nature of the defense as stated by the statute is that the rent is unjust and unreasonable and that the agreement under which the same is sought to be recovered is op-

pressive. I believe " and " is used disjunctively. In other words, the defendant may claim the rent to be unjust and unreasonable, or that the agreement is oppressive. If one defense instead of two were intended by the statute the word " that " before the word " agreement " would have been eliminated. This construction finds support in section 6 of the statute which deals with the deposit to be made by the defendant at the time of answering. It is there provided that such deposit must be made " if in any action for rent or rental value, the issue of fairness and reasonableness of the amount demanded in the complaint be raised by the defendant." This provision incontestably points to the defense that the rent is unjust and unreasonable. It says nothing about the oppressiveness of the agreement. The Legislature itself, therefore, has determined that the statutory defense provided in section 1 is not joint but separable. The defense may either be that the rent is unjust or that the agreement is oppressive. As to the defense of unreasonableness of rent this means nothing else but that the defendant may attack the claim for compensation made by the landlord for the possession of the premises. See definitions of " rent " *supra.* But even assuming that the statutory bill of particulars is predicated upon the defense of unreasonableness of the rent and of the oppressiveness of the agreement, it is apparent that in every case where rent for use and occupation is sought to be recovered, it must be based upon an agreement between the parties. To sustain an action for use and occupation the conventional relationship of landlord and tenant must exist, and there must likewise be an agreement, either express or implied, on the part of the tenant, to pay rent. *Preston* v. *Hawley,* 139 N. Y. 296; *Lamb* v. *Lamb,* 146 id. 317; *Castle* v. *Armstead,* 168 App. Div. 466; affd., without opinion, 219 N. Y. 615.

The conclusion arrived at by me is in harmony with the purpose which prompted the furnishing of the bill of particulars and with the clearly expressed intention of the legislature. The burden of proving the reasonableness of rent is cast upon the landlord. When he sues for the rental value he has that duty irrespective of the statute. When the rent is fixed by the agreement he has to overcome the presumption of unreasonableness pursuant to section 3 of chapter 944. It is only in those cases where the rent has not been increased over the rent as it existed one year prior to the time of the lease that the usual rule of evidence applies. Such cases are negligible as the reasonableness of rent cannot be logically questioned where there has been no increase for a year. It may not be amiss to state that the increase contemplated by section 3 applies to the premises and not to the individual tenant. The provision requiring a bill of particulars was inserted for the reason that it was found that a tenant ordinarily knew nothing about the relevant facts justifying an increase of rent. These from the very nature of the case were peculiarly within the landlord's knowledge. Without such information the tenant could not intelligently defend an unjust increase. To remedy such a situation the bill of particulars was provided wherein the landlord should give the data concerning the management of the property and the expense thereof.

The courts should not be astute to thwart the legislative intention. The reason for compelling the bill of particulars applies equally to all cases of increased rent, whether the rent is stipulated by agreement or not. The considerations for the enactment of the bill of particulars clause are explained in the official report of the joint legislative committee on housing which was submitted to the legislature with the bill.

The explanation reads in part: "Experience has shown that when the reasonableness of the rent has become an issue, the tenant was very much at a disadvantage at the trial, when a long schedule of income and expenses was introduced on behalf of the landlord. The tenant had no means of meeting the issue, not knowing in advance what the figures were. It has been provided that if the defense of unreasonableness be set up, the landlord shall furnish a bill of particulars which will apprise the tenant of the claims that he must meet and give him a reasonable opportunity to test the accuracy of the landlord's claim as to his expenses and income. This will work no great hardship upon the landlord, as he would naturally be compelled to produce these figures in any event and they are all within his knowledge and control."

It is apparent that the committee was of opinion that the statute demanded the bill of particulars whenever the "reasonableness of the rent" was at issue or the "defense of unreasonableness" was set up. The committee thought it unnecessary to join the defense of unreasonableness of rent with the defense that the agreement under which the rent was sought to be recovered was oppressive.

It has frequently been held to be proper for the courts to resort to legislative reports to aid them in the proper construction of statutes. *Caminetti* v. *United States,* 242 U. S. 470, 490; *Famborille* v. *Atlantic, Gulf & Pacific Company,* 155 App. Div. 833, 840; affd., 213 N. Y. 666.

The motion to dismiss the complaint is granted unless within five days from the service of a copy of the order to be entered herein the plaintiff file a bill of particulars as required by the statute.

Ordered accordingly.