JOSEPH THACKRAY, Plaintiff, *v.* ADAM RITZ, Defendant.

Supreme Court, Madison County, August 8, 1927.

**Landlord and tenant — use and occupation — defendant purchased farm on foreclosure of mortgage given by plaintiff — defect in proceedings necessitated resale — defendant purchased at resale — defendant had been in possession since original sale — defendant is not liable to plaintiff for use and occupation during interval between sale and resale.**

The defendant who purchased a farm in mortgage foreclosure proceedings instituted against the plaintiff as mortgagor went into possession of the farm shortly after the sale. The original sale was defective and it was necessary to resell the farm and on the resale the defendant again purchased it at an advanced price. The defendant is not liable to the mortgagor, the original owner of the farm, for the use and occupation thereof during the period between the original sale and the resale, for an action for use and occupation must be based on the conventional relation of landlord and tenant.

MOTION by defendant to set aside verdict for plaintiff, and for judgment dismissing the complaint.

*Stanley Bliss,* for the plaintiff.

*O. Gregory Burns,* for the defendant.

SENN, J. This action was brought by the plaintiff to recover for the use and occupation by defendant of plaintiff's premises. It was tried before the court and a jury and resulted in a verdict of fifty dollars for the plaintiff. Defendant duly moved to set the verdict aside and for judgment dismissing the complaint on the usual grounds, in substance that the same was contrary to law and not warranted by the undisputed facts. The motion was entertained.

The facts upon which plaintiff relies are briefly as follows: In December, 1924, and prior thereto plaintiff owned a farm near Sangerfield, N. Y., upon which the Citizens Trust Company of Utica held a mortgage then amounting to about $1,800. At that time, in an action for the foreclosure of this mortgage, at a referee's sale, the defendant bid in the premises at $1,770, received a referee's deed and took possession of the farm. After that it was discovered that there was a legal defect in the foreclosure sale and on May 21, 1925, it was stipulated on behalf of attorneys representing all the parties concerned that the sale be set aside. In September, 1925, there was a resale in said foreclosure action and the premises were purchased by the defendant for $2,105. On the first sale there was a small deficit, but on the resale there was a surplus of about $200, which the plaintiff received. From the

time of the first sale in December, 1924, to the resale in September, 1925, defendant was continually in possession of the farm in question and so remained thereafter. There was no express agreement that the defendant should pay anything for the use and occupation of the premises and no circumstances, other than those mentioned, from which it can be contended that such an agreement is to be implied.

The action of use and occupation is a variety of assumpsit, to be maintained by a landlord against one who has had the enjoyment of an estate under a contract to pay therefor, express or implied, but not under such a lease as would support an action specifically for rent. (39 Cyc. 850.) It is founded on contract, in the absence of which no recovery can be had and will not lie if the circumstances of the case are inconsistent with the existence of the contract. (Id. 851.)

It is well settled that there can be no recovery for use and occupation unless it is shown that the conventional relation of landlord and tenant existed between the parties. There must be an agreement, express or implied, to pay rent. (*Lamb* v. *Lamb*, 146 N. Y. 317; *Preston* v. *Hawley*, 139 id. 296; *Schaefer* v. *Ropes*, 113 Misc. 654.)

But an express contract at the time of entry is not necessary, for where the relation of landlord and tenant exists and the occupancy has been beneficial to defendant, the law implies a promise to pay. This was held in *Coit* v. *Planer* (30 N. Y. Super. Ct. [7 Rob.] 413; 4 Abb. Pr. [N. S.] 140; affd., 51 N. Y. 647), where plaintiff had notified defendant that he would charge him rent if he occupied certain premises and defendant under such notice entered on and used them; and in *Ginsberg* v. *Leit* (197 N. Y. Supp. 95), where defendant had occupied as tenant, but the premises were sold in mortgage foreclosure and the purchaser served notice of termination of the lease followed by summary proceedings to remove the tenant for holding over after his term had expired. The proceeding resulted in favor of the plaintiff (purchaser) from which defendant appealed, filing an undertaking that he would pay any damage sustained by the plaintiff as a result of his withholding the premises from the plaintiff. On the appeal the plaintiff succeeded and thereupon defendant vacated the premises. Plaintiff then brought suit to recover the reasonable value of the use and occupation of the premises pending the appeal and the court held that there was an implied agreement that the defendant would pay the plaintiff whatever sum the court determined was the fair and reasonable value of the use and occupation after the stay was granted; and in *Tanenbaum* v. *Berkowitz* (173 N. Y. Supp. 802), cited by

plaintiff, it was simply held that for the use and occupation of demised premises prior to the beginning of the lease, the defendant became liable for the reasonable value during that time.

In all the cases cited, or which I have been able to find, where it was held that in the absence of a lease or express words to that effect, the user and occupier of premises was liable for such use and occupancy, there was some fact or facts evincing an intent to create the relation of landlord and tenant.

The law will not imply an agreement to pay rent contrary to the intention of the parties, especially where it does not appear that either party, at the time of the occupancy, expected that any rent was to be paid. Where defendant never recognized the plaintiff as landlord and never promised to pay rent, the mere occupancy, and nothing more, is not sufficient to imply tenancy. (*Alt* v. *Gray*, 26 Misc. 843.)

An action for use and occupation will not lie in favor of the owner against one who entered without the owner's consent and without any authority whatsoever or right to such use. (39 Cyc. 856.) . It has even been held that where the occupant is in fact a trespasser, the owner cannot waive the tort and sue in this form of action, although there are cases which seem to hold a different doctrine. (39 Cyc. 862.)

However, that is purely academic. There is no question of trespass in this case; neither is there any question of good faith on the part of the defendant. He entered on the premises in question believing them to be his own. Defendant never recognized the plaintiff as his landlord, never agreed to pay any rent and does not appear to have considered himself a tenant, but rather it appears that he entered the premises believing himself to be the owner and that after the discovery of the legal flaw he remained on the farm, working on the same and treating it as his own, awaiting the resale in the evident hope that he might thereby perfect his title. It was not claimed that plaintiff resisted or made any protest when defendant took possession of the farm, nor that he ever made any demand for rent until after the resale. It was quite evident that both plaintiff and defendant were ignorant of the irregularity or legal flaw at the time of the first sale.

The motion to set aside the verdict is, therefore, granted, with judgment against the plaintiff for a dismissal of the complaint, with costs.