ROSELLE PARK BUILDING AND LOAN ASSOCIATION, PLAINTIFF-RESPONDENT, v. JOSEPH FRIEDLANDER, DEFENDANT-APPELLANT.

Argued May 8, 1935—Decided November 12, 1935.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the appellant, *Saul Neivert.*

For the respondent, *Louis J. Cohen.*

The opinion of the court was delivered by

HEHER, J.  The state of demand is in two counts.  The first alleges a letting of certain lands and premises by plaintiff to defendant at an "agreed monthly rental of $25," payable in advance; the second asserts, in the alternative, use and occupation of the lands for the same period, and demands the "reasonable value" thereof.

The District Court judge, sitting without a jury, awarded judgment to the plaintiff on the second count.  He found the "reasonable rental value" of the premises, for the period in question, to be $20 per month.  From this judgment defendant appeals.

The sole question properly presented by the specification of errors is the propriety of the denial of defendant's motion for a directed verdict; and we have reached the conclusion that, in so ruling, the trial judge fell into error.

Concededly, appellant entered into possession of the lands under a memorandum in writing, bearing date August 10th, 1932, executed and delivered in the name of respondent by its secretary, providing for the sale thereof to appellant for the consideration price of $3,100, "payable $100 in repairs, and when same are completed a contract to be made with balance payable on split mortgage in the B. & L. at $8 per month beginning in August, 1933; interest of $15 per month to be paid to the B. & L. beginning Sept. 1st, 1932." Respondent therein also agreed to pay the first half of the taxes assessed for the then current year, and appellant undertook to pay the second half thereof.  It was stipulated further that "if for any reason we [respondent] cannot give good title, we are to pay for the repairs up to an amount of $150."

It is the settled rule in this jurisdiction that the action for use and occupation springs out of the relation of landlord and tenant, and is therefore not maintainable when that

relationship does not exist. It is a corollary of this that one in possession of lands under a contract of sale and purchase is not liable for the use and occupation thereof. *Brewer* v. *Adm'r of Conover,* 18 *N. J. L.* 214; *Van Valkenbergh* v. *Rahway Bank,* 23 *Id.* 583; *Freeman* v. *Headley,* 33 *Id.* 523; *McKenna* v. *Reade,* 105 *Id.* 408; *Donovan* v. *Brenning,* 79 *Id.* 202; *Kertesz* v. *Feldheim,* 6 *N. J. Mis. R.* 8. An action in the nature of *assumpsit* for the use and occupation of lands can only arise upon a contract, express or implied. *Stewart* v. *Fitch & Boynton,* 31 *N. J. L.* 17; *Mason* v. *Haurand,* 79 *Id.* 375; same case, 82 *Id.* 645; *Hill* v. *United States,* 149 *U. S.* 593; 13 *S. Ct.* 1011; 37 *L. Ed.* 862; 66 *C. J.* 85. And it is axiomatic that a contract cannot arise by implication in fact where there is an express contract between the parties relating to the same subject-matter—certainly not when the express contract is valid and enforceable In such a situation, the express contract excludes an implied one. *Voorhees* v. *Executors of Woodhull,* 33 *N. J. L.* 494. While, from the fact of occupancy, a contract to pay rent will ordinarily be implied, if the character of the occupancy be such as to negative the existence of the relation of landlord and tenant, no such implication arises, and an action for use and occupation will not lie. *Mason* v. *Haurand, supra; Chambers* v. *Ross,* 25 *Id.* 293.

Here the trial judge, proceeding on the assumption that appellant held possession of the lands during the period in question under the contract of sale, ruled that, inasmuch as it was "merely a writing signed by the secretary agreeing to sell property which was not then owned" by respondent, it was not a binding obligation, and therefore an action for use and occupation is maintainable. We regard this as a finding not that the secretary was without authority in the premises, but that the transaction was a nullity, and therefore imposed no obligation upon the corporation, because the writing provided for the sale of a property "not then owned" by it. The trial judge either found a factual basis for the requisite agency, or made no finding at all respecting it, on the assumption, erroneous as it is, that in any event the agreement lacked

binding force because the legal title to the lands was not vested in the vendor.

This is an erroneous conception of law. Capacity to make a valid contract of sale is not dependent upon the holding of an absolute title to the lands. Such a contract may be valid and enforceable if made in good faith, and without fraud or imposition practiced upon the vendee. *Werner* v. *Zintsmaster,* 61 *Fed. Rep.* (*2d*) 298; *Christensen* v. *Jensen* (*Iowa*), 125 *N. W. Rep.* 675; 66 *C. J.* 511. And, even though the agent who presumed to act for the corporation was without authority, we gather from the state of the case and briefs that there was evidence tending to show an adoption and ratification by acquiescence. It is not suggested that, for want of mutuality, non-compliance with the statute of frauds, or kindred reason, the writing did not constitute an enforceable contract.

It is urged, however, that, even though a contract of sale were made, "there was ample evidence from which the court could have found that subsequent thereto the defendant became a tenant of plaintiff," and therefore the "change of relationship between the parties essential to sustain an action for use and occupation." But the court made no such finding; and the state of the case discloses no such evidence. And the burden of proof to establish a change of relationship rested upon respondent.

It is to be observed, in passing, that appellant denied he was in default at the time of the institution of this suit, and there was no finding to the contrary. The payments conceded to have been made were "credited" by respondent "to interest on the mortgage," but it is explained that "all the rent is so credited when the mortgage is in default and the building and loan association takes possession."

Moreover, it is the rule, supported by the weight of authority, that the failure or refusal of the vendee to perform the contract of purchase does not lay the foundation for an action for use and occupation. This does not *ipso facto* convert the relationship into that of landlord and tenant. *Van Valkenbergh* v. *Rahway Bank, supra; Winterbottom* v. *Ingham,* 7 *Q. B.* 611; 66 *C. J.* 96. There are other available

and adequate remedies. *McKenna* v. *Reade, supra; Wheaton* v. *Collins,* 90 *N. J. L.* 29; *affirmed,* 91 *Id.* 236; *McNair* v. *Schwartz,* 16 *Ill.* 24; *Smith* v. *Stewart,* 6 *Johns.* (*N. Y.*) 46; *Tucker* v. *Adams,* 52 *Ala.* 254.

Judgment reversed, and a *venire de novo* awarded; costs to abide the event.