HOMER C. MALCOM, MARTHA MALCOM, HAZEL RINDONE, BLANCHE BICKING, MARCUS E. MALCOM and MAE DAVISON, Appellants, v. HENRY V. DORSEMAN, Appellee.

(*February* 10, 1959.)

SOUTHERLAND, C. J., WOLCOTT and BRAMHALL, J. J., sitting.

*J. D. Winslow* for plaintiffs, appellants.

*Harold N. Green* and *Norman N. Aerenson* for defendant.

Supreme Court of the State of Delaware, No. 41, 1958.

BRAMHALL, J.:

Plaintiffs are the owners of premises 157 E. Main Street, Newark, Delaware. Defendant was the lessee of the first floor under a written lease for two years. Shortly after defendant took possession, he was given a key to the basement for the purpose of replacing blownout electric fuses. At about that time defendant also began to store in the basement a few items of merchandise. This use gradually increased until defendant was using, at times, a very considerable portion of the space in the basement for storing his merchandise. According to plaintiffs, objection to the use of the basement by defendant was made to the defendant on several occasions during the term of his lease for the first-floor premises. Also, according to plaintiffs, defendant stated that he needed the space. No request was ever made for payment of the rent alleged to be due until approximately two or three months after the tenancy of defendant to the first floor had terminated.

Upon defendant's refusal to pay rent to plaintiffs they instituted suit against defendant. Three causes of action were stated in plaintiffs' complaint: (1) for unpaid rent based upon alleged renewal of the lease; (2) for use and occupation of basement; and (3) for allowances made by plaintiffs' agent to defendant for cost of heater, which was paid for by the administrator of plaintiffs' deceased, and for fuel oil, which was purchased and paid for by defendant and deducted by him from the rent remitted to plaintiffs. The first cause of action was withdrawn by plaintiffs; the third was dismissed by the trial judge at the conclusion of the trial; the trial judge found for defendant on the second question on the ground that there was never any intention on the part of any of the parties that any charge was to be made for the use of the basement. Plaintiffs appeal, charging

error on the part of the trial judge in dismissing plaintiffs' third cause of action and in finding for defendant on the facts on plaintiffs' second cause of action.

The first question relates to the sufficiency of the finding of the trial judge that during the term of the lease for the first-floor premises there was never any intention by the parties that defendant should pay rent for the use of the basement for storage purposes.

We think that the finding of the trial judge is fully supported by the evidence and should not therefore be disturbed. The evidence offered on behalf of plaintiffs was that plaintiffs objected to the use of the basement by defendant, considered him a trespasser and directed him to move the personal property which he had stored therein. Apparently the question of the rental of the basement to defendant was never discussed nor was the amount of rent which would be charged therefor ever adverted to. In the light of this state of facts, the finding of the trial judge should not be disturbed.

But plaintiffs contend that the finding of the trial judge does not decide this question. They say that even though there was a total lack of undertaking between the parties for the rental of the basement, a right of action will lie against defendant for use and occupation.

The law seems to be clear, both at common law and in most states of this country, that an action for use and occupation is based upon the relation of landlord and tenant, and that in order to maintain this action, there must be some evidence to establish such relation. That relation can grow only out of contract, express or implied. *Cavanaugh v. Cook*, 38 *R. I.* 25, 94 *A.* 663; *Thackray v. Ritz*, 130 *Misc.* 403, 223 *N. Y. S.* 668. See cases cited in 3 *Thompson on Real Property*, § 1062, p. 73. The mere possession by a trespasser will not sustain an action. *Chapel-High Corp. v. Cavallaro*, 141 *Conn.* 407, 106 *A.* 2d 720; *Meredith Mechanic Ass'n v. American Twist Drill Co.*, 66 *N. H.* 539, 30 *A.* 1119. In *Thackray v. Ritz, supra*, the court said:

"In all the cases cited, or which I have been able to find, where it was held that, in the absence of a lease or express words to that effect, the user and occupier of premises was liable for such use and occupancy, there was some fact or facts evincing an intent to create the relation of landlord and tenant." [130 *Misc.* 403, 223 *N. Y. S.* 670]

In this state the right of an owner to sue for use and occupation is governed by statute. The applicable statute, (25 *Del. C.* § 5306), provides as follows:

"Satisfaction for the use and occupation of lands, tenements, or hereditaments, by permission of a person, without demise by deed or contract under seal for the rent, may be recovered in a civil action. Evidence of any demise without deed, or of a contract not under seal, for a certain rent, shall not defeat such action, but may be used to maintain the action."

■ With the exception of the substitution of the words "civil action" for the words "on the case upon assumpsit", to comply with the present rules of the Superior Court, this section is exactly the same as it appeared in the *Revised Code of* 1852. In construing this statute it has been held by the courts of this state that before a plaintiff would be entitled to recovery in an action for use and occupation, he must first show that the relation of landlord and tenant existed between the parties and that there was an agreement to pay rent, express or implied. *Johnson v. Hibbert*, 2 Boyce 526, 82 *A.* 86; *Redden v. Barker*, 4 *Harr.* 179. In the case of *Banta v. Carroll W. Griffith Co.*, 6 *W. W. Harr.* 98, 171 *A.* 450, 451, relating to an action under § 5307 of this title, providing that an action may be instituted for use and occupation in cases where there is an entry as the result of a contract of purchase, the court said:

"It is not to be supposed that the legislature intended to do more than to provide a right of action for use and occupation applicable to situations where such right had been denied."

■■ Where it is clearly shown that the parties did not contemplate a contractual obligation, no promise to make com-

pensation will be implied. *Roselle Park Building & Loan Ass'n v. Friedlander,* 116 N.'J. L. 32, 181 *A.* 316; *Thackray v. Ritz, supra.* There is no merit to plaintiffs' contention.

Plaintiffs further contend that the trial judge erred in finding that defendant was entitled to credit for the cost of fuel oil paid for by him and the cost of the installation of a heater paid for by the plaintiffs' agent. It was provided in the lease that if additional heat should be required, plaintiffs would install a unit gas heater, which the tenant would operate at his own expense.

The trial judge found that the administrator had at least apparent authority for his acts. His finding is sustained by substantial evidence relating to the surrounding circumstances. The personal property of the estate for which the administrator was acting was not sufficient to pay the debts. As a result of this situation, complete charge of this property, including the collection of rents, was given to the administrator so that he might apply the proceeds therefrom towards the payment of these debts. Defendant was accordingly instructed to take up all matters pertaining to his lease with the administrator. Plaintiffs thereafter took no part in looking after the building. Sometime later defendant complained to the administrator that he was not receiving sufficient heat, stating that he could not carry on his business properly and that his customers were complaining. After considerable negotiation between defendant and the administrator, acting as plaintiffs' agent, the latter installed an additional hot water heater on the premises leased by defendant, the heater being of a type preferred by defendant and not the type specified in the lease. The administrator further permitted defendant to deduct from his remittance for rent certain monthly payments made by defendant for the purchase of oil for the premises. In his administrator's account, the administrator took credit for these payments. No exception thereto was taken by any of the plaintiffs. Thereafter defendant made no further payments for oil, all payments presumably being made by the administrator. The record does not show that plaintiffs

made any protest to the administrator with reference to these charges. They made no attempt to collect the same from defendant until approximately three months after defendant removed from the premises.

We think that the relationship of the parties and their manner of dealing with each other presented a question for the trier of facts as to whether or not the administrator was acting within his apparent authority as agent for plaintiffs. The trial judge resolved this question in favor of defendant. We cannot say as a matter of law that he committed error.

The measure and scope of an agent's authority, when not specifically defined, are determined by the nature and necessity of the things to be accomplished. *Geylin v. De Villeroi*, 2 *Houst.* 311. Plaintiffs' agent had at least apparent, if not actual, authority to make the agreement which he made with defendant. Representing the lessors, it was his duty under the lease to see that the lessee was furnished with sufficient heat. By placing the administrator in complete charge of plaintiffs' building and by instructing defendant to take up with him all matters relating to the property under lease, plaintiffs knowingly held out the administrator as having authority for his act. *Petition of Mulco Products, Inc.*, 11 *Terry* 28, 123 *A.* 2d 95, affirmed *Mulco Products, Inc. v. Black*, 11 *Terry* 246, 127 *A.* 2d 851. See 1 *Restatement Law of Agency*, Sec. 8, p. 25. In taking no exception to the deductions of these items in the administrator's account filed by the administrator, in making no claim for their payment until approximately three months after defendant had removed from the premises and in continuing thereafter to permit the administrator to pay for all oil consumed on the premises, plaintiffs acquiesced in the action of the administrator and cannot now complain. 1 *Restatement Law of Agency*, Sec. 49, p. 117.

The judgment of the Superior Court is affirmed.